ALICE M. BATCHELDER, Circuit Judge.
Edward Porter appeals his sentence, arguing that the district court miscalculated the advisory guideline range and that the sentence imposed was otherwise unreasonable. For the reasons that follow, we AFFIRM the district court.
I.
Tennessee state police set up a controlled buy, during which Porter sold 250.9 grams of crack cocaine (i.e., cocaine base with a purity of 52-53%) to a confidential informant for $6,000 in marked bills. Police apprehended Porter, the federal grand jury indicted him for a violation of 21 U.S.C. § 841(a)(1), Porter pled guilty, and the district court ordered a presentence report (PSR).
The PSR set Porter’s base offense level at 34, based on the Drug Quantity Table in the 2006 edition of U.S. S.G. § 2Dl.l(c)(3) (“At least 150 G but less than 500 G of Cocaine Base”). The PSR decreased Porter’s base offense level by three levels for acceptance of responsibility, resulting in a Total Offense Level of 31. The PSR tabulated ten criminal history points,[1] which translated to a Criminal History Category of V. The advisory guideline calculation was 168 to 210 months.
Upon reviewing the PSR, Porter protested that three of the arrests listed in the “other arrests” section should not have *773 been included because the charges had been dismissed. The probation department replied that the “other arrests” section “provides the [c]ourt with information about contact with law enforcement authorities,” and, pursuant to 18 U.S.C. § 3661 (“No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence”), this information was properly included. Porter also argued that Special Condition No. Six (“The defendant shall abstain from consumption of alcohol while on supervised release.”) was “overly restrictive.” But, the probation department explained that “Mr. Porter [had] candidly admitted to having abused alcohol over the years, as well as having difficulty stopping [his] use of alcohol.” The probation department declined to make any changes in the PSR.
In a pre-sentence filing entitled “Defendant’s Position With Respect To Sentencing Factors,” Porter argued to the district court that a 1995 conviction for simple possession, which had counted for one criminal history point, should not have been counted, inasmuch as he had been sentenced to “expungeable probation” and pursuant to U.S.S.G. § 4A1.2(j), expunged diversionary dispositions are not counted. Porter conceded that the charge was never formally expunged from his record, but argued that the charge should be excluded nonetheless, because he had satisfied the prerequisites for expunction. Porter also reasserted his objection to the dismissed charges in the “other arrests” section of the PSR on the basis that their inclusion was unduly prejudicial, in violation of due process. In his Sentencing Memorandum, Porter argued that the advisory guidelines calculated in the PSR were unduly harsh due to their- use of the 100:1 crack-to-cocaine ratio and, therefore, the court should sentence him to the statutory minimum of 120 months. The government did' not reply.
At the sentencing hearing, Porter raised those same three arguments. He argued that the court should not count the simple possession conviction as a criminal history point because it could have been expunged. The government replied that “the simple fact is [that] the records of the Davidson County court indicate that the case is still on its books and it was not expunged.” The district court rejected Porter’s first argument. Next, Porter reiterated that the court should not consider the dismissed charges in the “other arrests” section of the PSR. The government replied that “the court has an obligation to consider all the facts that ... it may be able to obtain pertaining to the defendant.” The court rejected Porter’s second argument as well. Finally, Porter argued that the court should reduce his total offense level by two levels, based on the Sentencing Commission’s acknowledged concern with the 100:1 crack-to-coeaine ratio. In urging this two-level reduction, Porter’s attorney said:
Your Honor, the two level reduction gets Mr. Porter to 140 to 175 months as a criminal history category V, and we are asking that Your Honor give him that reduction in recognition of the sentencing commission’s attempt — and they have only called it a partial attempt to address this disparity between crack and powder cocaine sentences. So we would ask for that two level decrease.
On the whole, however, Porter’s attorney argued for the statutory minimum sentence of 120 months as “sufficient but not greater than necessary to satisfy the statutory goals of Section 3553(a).”
The government opposed the two-level decrease and urged the court to instead consider all of the § 3553 factors, including *774 Porter’s history as a repeat offender and the nature of the crime, and impose a sentence within the advisory range of 168 to 210 months. The government argued:
Your Honor, the argument that the court ought to initially drop the offense level by two levels because of the fact that the [Sentencing [Cjommission has recommended a change in the ratio between powder cocaine and crack cocaine is by no means a certainty that [such a change is] going to go into effect in November.
As the court will recall, this is not the first time that the [C]ommission has made recommendations to amend that particular ratio, and the Congress has [previously] seen fit to ... leave it as it is.
So, Pm not trying to make an argument whether the ratio ought to stay the same or not, but it’s certainly not certain that the ratio is going to change.
The court began its sentencing decision by noting that, under a then-pending amendment to the Guidelines for crack-cocaine offenses, Porter’s advisory range would be 140 to 175 months, and explained:
I’m going to grant the two level reduction[,] making the [advisory] guidelines [range] 140 to 175 [months]. I agree with the proposed — I think the proposed [Guideline change is — would be an appropriate change.
And taking into consideration the criminal history of the defendant ..., the fact that he has two drug felonies, that he’s an intelligent person who has not learned his lesson, [and that he has] put his family in hurt for what he’s done, ... I think that a fair, just and reasonable sentence in this case would be a sentence of 144 months.
Porter obtained new counsel and filed this appeal.
II.
On appeal, Porter argues that the 144-month sentence is procedurally unreasonable because the district court did not expressly consider the § 3558 factors. The government responds that if “the sentencing court addressed the relevant factors in reaching its conclusion, [then it] need not explicitly consider each of the § 3553(a) factors or engage in a rote listing or some other ritualistic incantation of the factors.” See United States v. Kirchhof, 505 F.3d 409, 413 (6th Cir.2007). And, “[t]he district judge is only under a more rigorous duty to make explicit its consideration of the factors when a defendant makes a particular argument, [or] when a factor is particularly relevant.” United States v. Simmons, 501 F.3d 620, 625 (6th Cir.2007). Porter’s counsel at sentencing made no arguments that necessitated express discussion of the § 3553 factors, and we find that the court discussed the factors that were particularly relevant. We find no merit to Porter’s argument.
Next, Porter argues that his 1995 conviction for simple possession should be considered as expunged (i.e., not counted towards his cumulative criminal history points), even though it was not actually expunged. The government replies that, in plain terms, “not expunged” means “not expunged” and, therefore, the offense is to be counted. We reject Porter’s argument.
Finally, Porter argues that the district court “failed to fully explain the rationale for the two-level reduction,” and “erroneously believed it could only reduce the advisory Guideline range by two levels based on the new proposed modification to § 2Dl.l(c).” This is at once both disingenuous and insupportable. At the sentencing hearing, there was no mystery to the “rationale” for the two-level reduction — Porter’s attorney identified, argued for, and obtained the two-level reduction on the *775 basis that the Sentencing Commission had proposed it as a forthcoming change to the Guidelines, intended to take effect some six months hence.[2] But, there is no support for the offsetting claim that the court felt constrained to adhere to this proposed version of § 2Dl.l(c) and, consequently, grant only a two-level reduction. Porter’s counsel had argued that even the Commission had “called it [only] a partial attempt to address this disparity between crack and powder cocaine sentences,” while the government had responded that the proposed modification was “by no means a certainty.”
Based on our careful reading of the transcript, we conclude that, in announcing its belief that “the proposed [Guideline change ... would be an appropriate change,” the court acknowledged that it was not bound to either the existing or the proposed version of the Guidelines, but was instead acting on its own view of the Guidelines’ crack-to-cocaine disparity. That is, we find that the court exercised its discretion to impose a below-guidelines sentence, based on its disagreement with the existing Guideline provision (i.e., the 100:1 crack-to-cocaine ratio) and — upon considering Porter’s argument and the government’s counter-argument — its general agreement with the Commission’s proposed modification to that Guideline provision.
In closing, we note that the Supreme Court has just this past month spoken again on this Guidelines’ crack-to-cocaine disparity. See Spears v. United States, 555 U.S.-, 129 S.Ct. 840, 172 L.Ed.2d 596 (2009) (clarifying Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007)). And, we have also spoken to this issue — we heard argument in a case on point the day after Spears issued and filed an opinion, applying Spears, just four days later. See United States v. Johnson, 553 F.3d 990 (6th Cir.2009) (argued Jan. 22, 2009). Needless to say, Porter’s appellate counsel did not have the benefit of Spears or Johnson when he argued this case back on October 29, 2008, but Porter is nonetheless entitled to the benefit of those cases and their reasoning, so long as his case is pending on direct appeal. See Griffith v. Kentucky, 479 U.S. 314, 322, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). Therefore, we pause to consider Porter’s situation in light of those two cases.
Spears is a per curiam, summary reversal, with three justices dissenting, in which the Court held, or rather “clarifiied,] that district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines.” Spears, 129 S.Ct. at 844. That certainly appears to be what the district court did in this case — even without the benefit of Spears — and we have endorsed the court’s decision to do so.
In Johnson, 553 F.3d at 992, we held that “[b]ecause the district court sentenced Johnson without the benefit of Spears,” remand was necessary “to give the district court an opportunity to impose a sentence with full recognition of its authority to reject and vary from the crack-cocaine Guidelines based solely on a policy disagreement with those Guidelines.” So, the question before us is whether we must remand the present case for this same reason.
In concluding that remand is not necessary in this case, we find that the critical aspect of Johnson is not so much its holding as how we got there. Importantly, we *776 did not merely assume in Johnson that the district court lacked “full awareness of this authority,” id. at 996, but we instead relied on the district court’s express statements at the sentencing hearing: “ ‘So in the [c]ourt’s judgment, the [cjourt must apply the guidelines as of November 1st, and obviously that benefits Mr. Johnson to the effect of two levels on the offense level. It does not change any of the other calculations in the [cjourt’s judgment.’ ” Id. at 996 n. 1 (quoting the district court sentencing transcript; emphasis included in the Johnson opinion). “These statements suggest,” we went on to explain, “that, although the disparity issue was before the court, the district judge was not aware of his power to reject and vary categorically from the crack-cocaine Guidelines based on á policy disagreement with those Guidelines.” Id. (quotation marks omitted). Thus, “[o]n the record [that was] before us, we ha[d] no way of ascertaining whether the district judge would have imposed the same sentence if he had known of his discretion to vary categorically from the crack-cocaine Guidelines based on a policy disagreement.” Id. The situation in Porter’s case is virtually the exact opposite:
■ In sentencing Porter, the district court never asserted that it must do anything. Instead, the court listened to each side’s argument and exercised its discretion to disagree with the existing Guideline provision and agree with the Commission’s proposed modification to that provision. The court’s statements suggest that the court was fully aware of its “power to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines.” See Johnson, 553 F.3d at 996 n. 1 (quoting Spears). And, on the record before us, we have no basis to assume that the district court was unaware of its authority or would have imposed a different sentence post Spears. Rather, the district court explicitly explained that a “fair, just and reasoned sentence,” in light of all of Porter’s circumstances was 144 months of incarceration.
III.
For the foregoing reasons, we AFFIRM the district court’s judgment and sentence.

. This had five components: (1) Simple Assault — Guilty Plea — 1 point; (2) Simple Possession — Guilty Plea — 1; (3) Possession with intent to Sell over 0.5 grams of Cocaine— Guilty Plea — 3; (4) Facilitation of Possession of Cocaine — Guilty Plea — 3; (5) Instant Offense Less than Two Years alter Release from Prison — 2; Total = 10 points.

. The sentencing hearing was held in May 2007 and Porter’s counsel, while arguing for the reduction, had acknowledged that the proposed amendment would not take effect until November of that year.