NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0733n.06

No. 07-3459

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Nov 10, 2009**
LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| **Plaintiff-Appellee,** | ) **ON APPEAL** FROM THE |
| | ) UNITED STATES DISTRICT |
| v. | ) COURT FOR THE SOUTHERN |
| | ) DISTRICT OF OHIO |
| | ) |
| DEDRICK L. RICHARDSON, | ) |
| | ) **O P I N I O N** |
| **Defendant-Appellant.** | ) |

BEFORE:  NORRIS AND COLE, Circuit Judges; ADAMS, District Judge.[*]

**JOHN R. ADAMS, District Judge.**  Defendant Dedrick Richardson appeals from his convictions and sentence of 262 months incarceration.  We **AFFIRM**.

On April 6, 2006, a grand jury indicted Richardson in an indictment that included nine defendants and twenty-one total counts.  Richardson was charged with 1) one count of conspiracy to possess with intent to distribute more than 50 grams of crack cocaine, 2) two counts of conspiracy to possess with intent to distribute more than five kilograms of cocaine, 3) two counts of distribution of over 500 grams of cocaine, 4) one count of possession of a firearm in furtherance of a drug trafficking crime, and 5) one forfeiture count.  Richardson was tried jointly with a co-defendant, Alvin Fenderson, in a trial that began on December 14, 2006.  At the conclusion of the trial, Richardson was found guilty of seven counts in the indictment.

---

[*]The Honorable John R. Adams, United States District Judge for the Northern District of Ohio, sitting by designation.

On April 11, 2007, the district court sentenced Richardson to 232 months incarceration on four of the counts, based upon an advisory guideline range of 262-327 months. The district court sentenced Richardson to sixty months incarceration on the firearm conviction and ordered that this latter sentence be run consecutive to the 232-month sentence. Richardson timely appealed, challenging his convictions and sentence.

1. Prosecutorial Misconduct

Richardson first contends that the trial court committed plain error when it allowed prosecutorial misconduct during closing argument. Richardson's first argument borders on frivolous.

Because Richardson did not object to the statements at issue, he correctly concedes that the issue is reviewed only for plain error. *United States v. Davis*, 514 F.3d 596, 614-15 (6th Cir. 2008). "Prosecutorial misconduct may be so exceptionally flagrant that it constitutes plain error." *Id*. at 614 (quoting *United States v. Carter*, 236 F.3d 777, 783 (6th Cir. 2001)). However, a verdict will not be overturned based on improper comments of the prosecutor unless the misconduct was "so pronounced and persistent that it permeated the entire atmosphere of the trial" or was "so gross as probably to prejudice the defendant." *Id*. (quoting *United States v. Tocco*, 200 F.3d 401, 421 (6th Cir. 2000)). When reviewing the flagrant nature of the comments, this Court considers four factors: "(1) the likelihood that the remarks of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether the remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and (4) the total strength of the evidence against the defendant." *Id*. at 613 (quoting *Broom v. Mitchell*, 441 F.3d 392, 412 (6th Cir. 2006)).

First, Richardson takes issue with the following statement by the Government during closing argument:

> Now Marlene Hansard. And she was Mr. Bell's girlfriend. Without a doubt one of the more interesting witnesses I have ever seen in my career as a prosecutor. I have tried a couple hundred jury trials, and I think she is probably in the top five witnesses I have ever seen on the stand.

Richardson contends that the above statement was made in flagrant disregard to the prohibition on vouching for a witness. The Court finds no merit in this argument.

Improper vouching occurs when a prosecutor either (1) bluntly states a personal belief in a witness's credibility, "thereby placing the prestige of the office of the United States Attorney behind that witness," or (2) "implies that the witness's testimony is corroborated by evidence known to the government but not known to the jury." *United States v. Francis*, 170 F.3d 546, 550-51 (6th Cir. 1999). Contrary to Richardson's contentions, the above statement does not in any manner reference Hansard's credibility. Instead, the prosecutor commented that Hansard was one of the most interesting witnesses he had encountered during his time as a prosecutor. This fact is borne out by the trial testimony. Hansard was more than willing to be a difficult witness for both the Government and the defendants. Hansard's answers were often dripping with sarcasm, and she was routinely combative. Furthermore, Hansard was more than willing to label the father of her children, Anthony Bell, a drunk and possible crack addict. Accordingly, this Court finds that no misconduct, let alone flagrant misconduct that warrant a finding of plain error, occurred when the prosecutor referred to Hansard as an interesting witness.

Richardson also contends that the Government committed misconduct when it described

Richardson's acceptance of responsibility for the two kilograms found in his house in the following manner:

> It is a smart move to tell you, yeah, I am guilty of that, but that other stuff, I didn't have anything to do with that. That's beyond belief, ladies and gentleman.

In conclusory fashion, Richardson contends that this statement unfairly denigrated defense counsel's theory of the case.

This Court again finds that no misconduct occurred. "A prosecutor commenting that the defense is attempting to trick the jury is a permissible means of arguing so long as those comments are not overly excessive or do not impair the search for the truth." *United States v. August*, 984 F.2d 705, 715 (6th Cir. 1992). Herein, the Government's comments do not rise even to the level of asserting that the defense is attempting to "trick" the jury. Rather, the Government did little more than comment that the defense theory lacked credibility. This comment does not approach the plain error standard. Richardson's arguments regarding prosecutorial misconduct are unavailing.

2. Sufficiency of the Evidence

Richardson also challenges the sufficiency of the evidence on three counts in the indictment. Specifically, Richardson challenges his two conspiracy convictions and his firearm conviction. This Court rejects Richardson's challenges.

When reviewing a challenge to the sufficiency of the evidence, this Court considers "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Collins*, 78 F.3d 1021, 1030 (6th Cir. 1996).

We do not independently assess the credibility of witnesses or the weight of the evidence. *United States v. Talley*, 164 F.3d 989, 996 (6th Cir. 1999).

### a. Firearm Conviction

This Court has previously discussed the factors to consider in whether there is sufficient evidence to convict for possessing a firearm in furtherance of a drug offense.

> In light of Congress' intent that "in furtherance of" be a more stringent requirement than "during and in relation to," we emphasize that the possession of a firearm on the same premises as a drug transaction would not, without a showing of a connection between the two, sustain a § 924©) conviction. In order for the possession to be in furtherance of a drug crime, the firearm must be strategically located so that it is quickly and easily available for use. *See United States v. Feliz-Cordero*, 859 F.2d 250, 254 (2d Cir. 1988) (stating that a gun in a dresser drawer with drugs in the bedroom did not constitute "use" under § 924 because the evidence was insufficient to show the gun was "strategically located so as to be quickly and easily available for use during such a transaction"), *overruled by Bailey*, 516 U.S. 137. Other factors that may be relevant to a determination of whether the weapon was possessed in furtherance of the crime include whether the gun was loaded, the type of weapon, the legality of its possession, the type of drug activity conducted, and the time and circumstances under which the firearm was found.

*United States v. Mackey*, 265 F.3d 457, 462 (6th Cir. 2001).  Based upon this standard, the Court finds no merit in Richardson's challenge.

Richardson's wife, Ebony White, testified that she removed two firearms from the home. These firearms were recovered during a traffic stop of Kimyada Richardson.  Both firearms, a 9mm Ruger pistol and a .40 caliber Taurus pistol, were recovered with magazines and ammunition.  White testified that one of the firearms came from a kitchen cupboard.  White also indicated that the cupboard was directly above the area in which cocaine powder was cooked into cocaine base. Accordingly, the gun was "strategically located" in close proximity to the drug activity, and as the

gun was loaded, it was able to be quickly used during a drug transaction. Furthermore, the gun was removed from the home following Richardson's order to his wife, given after he knew that a drug arrest had been made. It is apparent from that fact that Richardson or White firmly believed that the gun was directly related to the drug activity. Considering these facts in a light most favorable to the Government, there was more than sufficient evidence to support Richardson's firearm conviction.

b. **Conspiracy Convictions**

Richardson also challenges both of his convictions that relate to the conspiracy charges in the indictment. The Court likewise rejects these challenges.

The elements of a drug conspiracy are "(1) an agreement to violate the drug laws, and (2) each conspirator's knowledge of, intent to join, and participation in the conspiracy." *United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001). These elements may be shown by either direct or circumstantial evidence. *United States v. Avery*, 128 F.3d 966, 971 (6th Cir. 1997). The government need not prove the existence of a formal or express agreement among the conspirators; a tacit or mutual understanding is sufficient, so long as the agreement is proven beyond a reasonable doubt. *Id*. at 970-71. Furthermore, while a buyer-seller relationship alone is insufficient to establish a conspiracy, evidence of repeat purchases is sufficient. *United States v. Brown*, 332 F.3d 363, 373 (6th Cir. 2003). Additionally, "[a] large volume of narcotics creates an inference of conspiracy." *United States v. Bourjaily*, 781 F.2d 539, 545 (6th Cir. 1986) (finding that one kilogram of cocaine was a large volume), *aff'd*, 483 U.S. 171 (1987).

In the instant matter, Richardson admittedly had two kilograms of cocaine powder. This alone creates an inference of a conspiracy. The Government presented additional evidence through

the testimony of Hansard, White, and Anthony Bell. Bell testified that he purchased drugs from Richardson on more than one occasion and had witnessed Richardson cooking cocaine powder into cocaine base. Bell also testified that at least on one occasion, he and Richardson delivered drugs to Donte Cobb. Richardson's wife, White, similarly testified that she had witnessed her husband cook up cocaine base and hand a bag to Fenderson that was later found to contain cocaine base.

On appeal, Richardson does not dispute that any of this evidence was introduced to the jury. Instead, Richardson challenges the credibility of the witnesses offered against him. "Sufficiency-of-the-evidence appeals are no place for arguments regarding a government witness's lack of credibility." *United States v. Hernandez*, 227 F.3d 686, 694 (6th Cir. 2000) (internal quotation marks and citations omitted). Accordingly, this Court rejects Richardson's credibility challenges.

While Richardson has made references to the weight of the evidence in his brief, he has offered no argument or assignment of error with respect to the weight of the evidence. As such, this panel declines to craft such an argument on his behalf. Richardson's sufficiency challenges lack merit.

3. Reasonableness of the Sentence

Richardson also challenges numerous aspects of his sentence. For ease, we will address each challenge separately.

### a. Cocaine Base

Richardson first asserts that the trial court improperly calculated the amount of cocaine base that he was responsible for during the conspiracy. This Court finds that the district court's calculation was exceedingly conservative.

A district court's determination related to drug-quantity is a factual finding that we review for clear error. *United States v. Sandridge*, 385 F.3d 1032, 1037 (6th Cir. 2004). If there are no means to determine the exact amount of drugs, "an estimate will suffice, but ... a preponderance of the evidence must support the estimate." *United States v. Walton*, 908 F.2d 1289, 1302 (6th Cir. 1990); *United States v. Hernandez*, 227 F.3d 686, 699 (6th Cir. 2000) ("Approximations are completely appropriate.").

Richardson was found to be responsible for 156.6 grams of cocaine base. It is undisputed that these drugs were confiscated from Tony Braxton during a traffic stop of Richardson's car. Braxton has consistently maintained that Richardson had no knowledge of the drugs in his possession on that date. However, evidence was presented to contradict this assertion. As noted above, on the day in question, White witnessed Richardson hand a bag to Fenderson. Richardson and Fenderson then left together in Richardson's vehicle. The vehicle stopped at a gas station, and Braxton entered the vehicle at that time. Richardson then stopped at a local business, and Fenderson exited the car and got into Hansard's vehicle. From these facts, the Court could conclude that Richardson had supplied the drugs to Braxton.

In addition, evidence presented during the trial attributed a far greater amount of cocaine base to Richardson. Anthony Bell testified that he purchased 63 grams of cocaine base from Richardson on at least four occasions. None of this cocaine base was apparently included in the district court's calculation, despite the undisputed evidence that tied Richardson's to the drugs. Accordingly, this Court finds no clear error in the district court's factual finding related to the quantity of cocaine base.

b. **Supervisory Role**

Richardson next contends that the district court erred when it added three levels to his offense level based upon a finding that he held a supervisory role in the conspiracy. This Court finds no merit in Richardson's argument.

We review a sentencing court's "role in the offense" finding for clear error. *United States v. Gort-DiDonato*, 109 F.3d 318, 320 (6th Cir. 1997). Relevant hereto, U.S.S.G. § 3B1.1 provides for a three-level enhancement if the "defendant was a manager or supervisor (but not an organizer or leader) and criminal activity involved five or more participants[.]"

On appeal, Richardson contends that the enhancement was improper because he only gave orders on one occasion: when he instructed White to remove incriminating evidence from their house. To that extent, Richardson does not dispute that he in fact ordered White to remove evidence from the home, nor does he dispute that White and two others in fact removed incriminating items from the home. Richardson has offered no law in support of his claim that this "one-time" giving of orders is insufficient to warrant the enhancement.

The Court should also note that Richardson supplied drugs to Anthony Bell on numerous occasions in a manner similar to his co-defendant, Alvin Fenderson. That is, drugs would be fronted with an obligation to later pay a premium for the right to possess the drugs immediately without payment being made. Through such an arrangement, Richardson maintained authority over those that he "fronted" drugs. It was well within the district court's discretion to consider this factor in determining that Richardson held a supervisory role in the conspiracy. The Court, therefore, finds no clear error in the application of this enhancement.

c. **Obstruction of Justice**

Under this argument, Richardson once again admits to the conduct that formed the basis of the enhancement, his call to White ordering that she remove incriminating evidence. Richardson, however, contends that applying this enhancement resulted in impermissible double counting. We reject Richardson's argument.

In *United States v. Farrow*, 198 F.3d 179, 195 (6th Cir. 1999), this Circuit held that "impermissible 'double counting' occurs when precisely the same aspect of the defendant's conduct factors into his sentence in two separate ways." On the other hand, this Court has also noted that where a defendant is penalized for "distinct aspects of the defendant's conduct, no double counting will be found." *United States v. Eversole*, 487 F.3d 1024, 1030 (6th Cir. 2007) (citing *United States v. Perkins*, 89 F.3d 303, 310 (6th Cir. 1996)).

As noted above, Richardson's supervisory role encompassed more than the phone call to White. The manner in which Richardson controlled lower level drug dealers such as Anthony Bell supported that enhancement. On the other hand, the obstruction of justice enhancement resulted solely from Richardson's involvement in the removal of incriminating evidence. Richardson, therefore, is being punished for distinct aspects of his conduct and no impermissible double counting has occurred.

d. ***Blakely* Challenge**

Richardson's *Blakely*-type challenge is unclear. It appears that Richardson is alleging that *Blakely* requires that each of the facts to which he objected during sentence be submitted to a jury. To the extent that is the argument he seeks to make, Richardson also concedes that this Court has

rejected such an argument in *United States v. Gates*, 461 F.3d 703 (6th Cir. 2006). Nothing about

the facts of Richardson's sentence causes this Court to reconsider its prior position.

e. **Crack Disparity**

In his final argument, Richardson contends that his sentence should be remanded so that the

trial court may consider the application of *Spears v. United States*, 129 S.Ct. 840 (2009). This Court

declines to remand for the same reasons stated in *United States v. Porter*, 312 Fed. Appx. 772 (6th

Cir. 2009). "[O]n the record before us, we have no basis to assume that the district court was

unaware of its authority or would have imposed a different sentence post *Spears*." *Id.* at 776. In

contrast, this Court has only remanded to consider *Spears* in cases in which the district court has

made express statements indicating its inability to disagree with the guidelines on policy alone, *Id.*

at 775-76, or when "the transcript of the sentencing hearing suggests that [the district judge] may

have adhered to those principles." *Unites States v. Maye,* No. 07-4311, 2009 WL 3162253, at *10

(6th Cir. Oct. 5, 2009). In the instant matter, there is no indication that the district court was

unaware of its authority, and in fact the district court repeatedly noted the advisory-only nature of

the guidelines. Furthermore, the issue of the crack/powder was not raised in any manner during the

sentencing hearing. Given the absence of *any* discussion of the disparity, the facts do not support a

remand. "We do not require that a district court explicitly state that it is aware of its discretion" to

impose a below-Guidelines sentence. *United States v. Santillana*, 540 F.3d 428, 431 (6th Cir. 2008)

(citing *United States v. Puckett*, 422 F.3d 340, 346 (6th Cir. 2005)). "Rather, we presume that the

district court understood its discretion, absent clear evidence to the contrary." *Id.* (citing *United*

*States v. Crouch*, 288 F.3d 907, 910 (6th Cir. 2002)).  Accordingly, this Court declines to remand

on the grounds argued by Richardson.

Based upon above, the district court's judgment is **AFFIRMED**.

**COLE, Circuit Judge, concurring in part and dissenting in part.** I agree with the majority's opinion except with respect to its rejection of Richardson's argument that he is entitled to resentencing in light of *Spears v. United States*, 129 S. Ct. 840 (2009), and *United States v. Johnson*, 553 F.3d 990 (6th Cir. 2009). The majority, relying on *United States v. Porter*, 312 F. App'x 772 (6th Cir. 2009), concludes that the record does not indicate that the district court was unaware of its authority to reject the crack-to-powder cocaine ratios found in the Guidelines based on a policy disagreement with them, and therefore holds that no remand is required. I disagree with this reasoning. On the record before us, there is "no way of ascertaining whether the district judge would have imposed the same sentence if he had known of his discretion to vary categorically from the crack-cocaine Guidelines based on a policy disagreement," and, therefore, a remand is required. *Johnson*, 553 F.3d at 996 n.1. Moreover, as in *Porter*, Richardson was sentenced prior to the United States Supreme Court's decision in *Kimbrough v. United States*, 552 U.S. 85 (2007), and the law of this circuit at that time "explicitly forbade the court from" varying from the crack-cocaine Guidelines based on a policy disagreement. *See Porter*, 312 F. App'x at 778 (Clay, J., concurring in part and dissenting in part) (citing cases). For these reasons, and the additional reasons stated by Judge Clay in his dissent in *Porter*, I would vacate Richardson's sentence and remand for resentencing in light of *Spears*.