COLE, Circuit Judge,
concurring in part and dissenting in part.
I agree with the majority’s opinion except with respect to its rejection of Richardson’s argument that he is entitled to resentencing in light of Spears v. United States, — U.S. -, 129 S.Ct. 840, 172 L.Ed.2d 596 (2009), and United States v. Johnson, 553 F.3d 990 (6th Cir.2009). The majority, relying on United States v. Porter, 312 Fed.Appx. 772 (6th Cir.2009), concludes that the record does not indicate that the district court was unaware of its authority to reject the crack-to-powder co *55 caine ratios found in the Guidelines based on a policy disagreement with them, and therefore holds that no remand is required. I disagree with this reasoning. On the record before us, there is “no way of ascertaining whether the district judge would have imposed the same sentence if he had known of his discretion to vary categorically from the crack-cocaine Guidelines based on a policy disagreement,” and, therefore, a remand is required. Johnson, 553 F.3d at 996 n. 1. Moreover, as in Porter, Richardson was sentenced prior to the United States Supreme Court’s decision in Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), and the law of this circuit at that time “explicitly forbade the court from” varying from the crack-cocaine Guidelines based on a policy disagreement. See Porter, 312 Fed.Appx. at 778 (Clay, J., concurring in part and dissenting in part) (citing cases). For these reasons, and the additional reasons stated by Judge Clay in his dissent in Porter, I would vacate Richardson’s sentence and remand for resentencing in light of Spears.