CORNELIA G. KENNEDY, Circuit Judge,
dissenting.
Because I believe that this is not an appropriate case to determine whether, after Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), and Spears v. United States, — U.S. -, 129 S.Ct. 840, 172 L.Ed.2d 596 (2009), a district court must consider a defendant’s argument that disparities created by some districts’ fast-track, early-disposition programs for illegal-reentry defendants warrant a lower sentence, I must respectfully dissent.
As the majority opinion notes, when Camacho-Arellano argued that disparity created by fast-track programs justified a sentence reduction in his case, the district court concluded that such a reduction would be erroneous under this circuit’s pre-Kimbrough precedent. However, the court also indicated how it would rule if it did have the discretion to modify Camacho-Arellano’s sentence in this manner. At the sentencing hearing, the district judge noted that it “understands that there is a unique situation in the [cjourt’s opinion with regard to border states who utilize this program” due to the higher number of illegal-reentry defendants in those areas, and that the fast-track program is “simply a matter of alleviating the couxxts there and the prison systems in that area.” Sent. Tr. at 14. He reasoned that “Tennessee obviously not being a border state, it doesn’t have the circumstances that I believe are present in some of the states like Texas or New Mexico, or things of that nature, where the problem is a major situation.” Id. at 15. He then concluded that “the [cjourt ... does not believe [granting a variance] is an appropriate manner in which to handle this case.” Id. Instead, he imposed a within-Guidelines sentence that he thought justified by the seriousness of the offense, the need for just punishment, deterrence, and protection of the public, and the history and characteristics of the defendant, emphasizing that Camacho-Arrellano had not only reentered the country after being deported, but had committed a drug distribution crime while here illegally. In my opinion, these remarks show that the district court adequately considered Camacho-Arellano’s disparity argument and held that, even assuming it had the discretion to modify his sentence as Camacho-Arellano requested, it would not do so.
The majority explains its decision to remand the case for resentencing as a recognition that “the district court could not have envisioned the discretion Kimbrough and Spears give it” to alter a defendant’s sentence based on disagreement with fast-track policies or as an unwarranted disparity under § 3553(a)(6). Maj. Op. at 250. First of all, I do not think it obvious that the district court was under the impression that it did not have the discretion to reduce Camacho-Arellano’s sentence as he requested. At the sentencing hearing, the Government described the district judge’s authority as follows: “So I would submit that while Your Honor certainly can consider the [fast-track argument], I would submit that it should not carry much weight, given that current case law and ... the other factors of [§ ] 3553.... ” Sent. Tr. at 8 (emphasis added). Further, the district judge characterized Sixth Circuit precedent on this issue as establishing *252 that if “the [c]ourt decides to reject [the fast-track argument], that would not be an erroneous determination,” Sent. Tr. at 14-15, not as establishing that he lacked the authority to entertain the argument altogether.
Even if the majority is correct that the district court was not aware of its authority to grant Camacho-Arellano his requested variance, I do not see this as a reason to discredit the district court’s explanation of how it would exercise its discretion if it did have that power. Since the Court decided Spears, we have vacated some defendants’ sentences and ordered a remand “to give the district court an opportunity to impose a sentence with full recognition of its authority to reject and vary from the ... Guidelines based solely on policy disagreement.” United States v. Johnson, 553 F.3d 990, 992 (6th Cir.2009). But we have declined to take this course of action when the record reflects that, even if the district court had the benefit of the rulings in Kimbrough and Spears, it would not have sentenced a defendant any differently. See United States v. Guest, 564 F.3d 777, 779-81 (6th Cir.2009) (declining to remand case for resentencing in light of Spears when record reflected that district court had adequately considered defendant’s arguments for a downward variance); United States v. Porter, 312 Fed. Appx. 772, 776 (6th Cir.2009) (unpublished opinion) (declining to remand the case for resentencing because “on the record before us, we have no basis to assume that the district court was unaware of its authority or would have imposed a different sentence post-Spears ”); cf. Johnson, 553 F.3d at 996 n. 1 (remanding the case for resentencing because “the district judge was not aware of his power ‘to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines,’ ” but noting that “[o]n the record before us, we have no way of ascertaining whether the district judge would have imposed the same sentence if he had known of his discretion” (quoting Spears, 129 S.Ct. at 843-44)).
Neither the Guidelines’ recognition .of the practice of granting variances pursuant to fast-track programs nor the majority’s holding changes the fact that the decision to grant or deny a variance is committed to the discretion of the district court. One aspect of Sixth Circuit precedent noted by the district judge remains intact after this decision: a district court’s refusal to grant a variance due to fast-track disparity is not an erroneous determination, as long as it rejects such an argument on the merits. The district judge in this case considered Camacho-Arrellano’s argument for a variance and indicated that he was not inclined to heed it, as I expect most of the district courts that now will consider this issue will rule. The majority’s decision that a district court has the authority to reduce a defendant’s sentence to account for fast-track disparity simply does not affect Camacho-Arellano. For this reason, I do not consider this case a proper vehicle for deciding whether Kimbrough and Spears allow a district court to reduce a defendant’s sentence based on discrepancies created by the fast-track program, and would affirm the district court’s judgment.[1]

. I note briefly that I find unavailing Camacho-Arrellano's argument that his sentence was procedurally unreasonable because based on the district court’s erroneous belief that fast-track programs exist only in border districts. As the majority points out, this belief *253 was based in part on defendant’s own representations to the court. See Def.'s Sent. Mem. at 3; Sent. Tr. at 5. Furthermore, the district court’s reasoning, recounted above, did not indicate that he found geography dispositive when deciding that border states face unique challenges justifying the fast-track program; instead, it was the size of those districts’ illegal-reentry dockets that he emphasized.