**NOT RECOMMENDED FOR PUBLICATION**
File Name: 10a0477n.06

**No. 09-3094**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Aug 04, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| TOMAS PEREZ-SANCHEZ, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  SILER and SUTTON, Circuit Judges; CLELAND, District Judge.[*]

**SILER**, Circuit Judge.  Tomas Perez-Sanchez pled guilty to reentering the country after deportation.  At sentencing, he urged the district court to decrease his sentence due to disparities between his Guideline range and that of similarly situated defendants sentenced in districts with fast-track programs.  The district court rejected this argument and sentenced Perez-Sanchez to 40 months' imprisonment (a below-Guideline sentence).  For the reasons discussed below, we **AFFIRM** his sentence.

**FACTUAL AND PROCEDURAL BACKGROUND**

Perez-Sanchez pled guilty to violating 8 U.S.C. § 1326(a) and (b)(2) by illegally reentering the United States after being deported.  At sentencing, he sought a four level variance from his 46-57 month Guideline range on the basis that a sentence within that range would result in an unwarranted

_____

[*]The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

sentencing disparity from sentences imposed in districts participating in fast-track programs. Specifically, he urged the district court to consider a Guideline range of 30 to 37 months based on the fast-track program sentencing range available in other districts. The district court reduced the sentence it imposed by six months to account for time Perez-Sanchez had spent in state custody on a domestic violence charge for which Perez-Sanchez did not have counsel but declined to grant a reduction based on a sentencing disparity. It stated:

> I do not believe that it's appropriate to adjust the sentence in this district because of the compelling and overwhelming necessity that has led to the, quote, fast track program in the border districts. I think, therefore, I'm not going to take that into account. I understand that I could; however, I think in light of my understanding of prevailing case law and also the difference in circumstances between this district and those districts, I'm not going to take that into account.

Later, the government sought clarification from the district court about its reasoning for refusing to consider the disparity in sentencing Perez-Sanchez. Government's counsel asked, "The Court's statement that it would not follow the border states' fast track program, does the Court state that as a matter of both law and factor [sic] simply a matter of law. Even if you could, you would not do it?" The court responded, "Even if I could, I would not do it—." The court considered Perez-Sanchez's multiple reentries and criminal history category as aggravating factors that encouraged the court to remain within the Guidelines and sentenced Perez-Sanchez to 40 months' imprisonment.

**ANALYSIS**

On appeal, Perez-Sanchez challenges only the procedural reasonableness of the district court's sentence. He argues that the district court erred by concluding it could not consider the disparity created by the fast-track programs in some districts. We review both the procedural and

substantive reasonableness of the district court's sentence using a deferential abuse of discretion standard. *United States v. Perez-Vasquez*, 570 F.3d 692, 695 (6th Cir. 2009) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). Perez-Sanchez is correct that the district court could have deviated from the Guidelines if it disagreed with the policy underlying the disparities created by the presence of fast-track programs in other districts. *See United States v. Camacho-Arellano*, No. 07-5427, 2010 U.S. App. Lexis 14569, at \*16-17 (July 16, 2010). However, the record is clear that the district court, regardless of its discretion, would not have decreased Perez-Sanchez's sentence to account for fast track disparities. *See United States v. Porter*, 312 F. App'x 772, 776 (6th Cir. 2009) (explaining that remand is only appropriate when the record shows "that the district court was unaware of its authority or would have imposed a different sentence post *Spears*"); *see also United States v. Santillana*, 540 F.3d 428, 431 (6th Cir. 2008) ("[W]e presume that the district court understood its discretion, absent clear evidence to the contrary.").

In its first statement the district court indicated that it could consider the fast-track disparity but chose not to. This choice not to consider the fast-track disparity indicates that even if we were to remand for the district court to consider the disparity, it would not find the argument persuasive. The district court's second statement clearly indicates that regardless of whether the court could consider fast-track disparities, it would not in this case. Thus, both statements of the district court indicate that it would not have decreased Perez-Sanchez's sentence, regardless of its discretion.

**AFFIRMED.**