NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0286n.06

No. 09-6526

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

May 03, 2011

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,  )
                            )
        Plaintiff-Appellee, )               ON APPEAL FROM THE
                            )               UNITED STATES DISTRICT
        v.                  )               COURT FOR THE MIDDLE
                            )               DISTRICT OF TENNESSEE
JORGE OSWALDO CASTANEDA-COMACHO, )
                            )
        Defendant-Appellant. )
                            )
                            )

BEFORE: BATCHELDER, Chief Judge; SUHRHEINRICH and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Jorge Castaneda-Comacho appeals his below-Guidelines sentence of 51 months of imprisonment imposed following his guilty plea to one count of illegal reentry by a previously deported aggravated felon, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). For the reasons that follow, we affirm.

I.

Jorge Castaneda-Comacho is a native and citizen of Mexico. In 1979, when he was three years old, his parents brought him from Mexico to live in California. He obtained permanent resident status in April 1990 and remained a lawful resident of the United States until his conviction for second-degree burglary in August 1994 in San Diego, California. On October 31, 1995, Castaneda-Comacho was arrested and subsequently convicted of committing five separate acts of

robbery with a firearm in San Diego, with a resultant sentence of eleven years of imprisonment. After serving nearly ten years in the California Penitentiary on those charges, he was paroled on March 15, 2005, and turned over to Immigration and Customs Enforcement authorities, who deported him to Mexico on April 20, 2005.

Castaneda-Comacho illegally returned to the United States immediately after his deportation and relocated to Nashville, Tennessee, where his family now lives. In October 2005, less than six months later, he pled guilty to a charge of criminal impersonation, stemming from the use of his brother's identification while staying in Nashville. He was arrested again in Nashville on August 25, 2008, for driving without a license, determined to be illegally present in the United States, and ultimately charged in the instant case with illegal reentry by an aggravated felon, contrary to 8 U.S.C. §§ 1326(a) and (b)(2). Castaneda-Comacho pled guilty, without a plea agreement, to the one-count indictment.

With a total offense level of 21 and a criminal history category of IV, the advisory sentencing Guidelines range was 57 to 71 months of imprisonment. Castaneda-Comacho did not object to the Guidelines calculations contained in the PSR, which the district court adopted. However, in his sentencing memorandum, he requested a sentence of twelve months, or time served, arguing inter alia that (1) the sixteen-level enhancement to his base offense level for his robbery convictions, pursuant to U.S.S.G. § 2L1.2(b)((1)(A)(ii), did not reflect the statutory goals of sentencing; and (2) the lack of a so-called "fast-track" program for illegal aliens in the Middle District of Tennessee

created an unwarranted sentencing disparity.[1]  At the sentencing hearing, the district court expressly rejected these arguments, but it granted a downward variance and sentenced Castaneda-Comacho to a below-Guidelines sentence of 51 months of imprisonment and three years of supervised release. He now timely appeals his sentence, arguing that it is procedurally and substantively unreasonable.

II.

We review a sentence imposed by the district court for reasonableness, using an abuse-of-discretion standard of review. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Vowell*, 516 F.3d 503, 509 (6th Cir. 2008).[2]  We must "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence[.]" *Gall*, 552 U.S. at 51.  If the sentencing decision is procedurally sound, we then consider its substantive reasonableness, taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range.  *Id.*  "[A] sentence may be substantively unreasonable when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent [18 U.S.C.] § 3553(a) factors or gives an

---

[1]*See generally United States v. Perez-Vasquez*, 570 F.3d 692, 695-97 (6th Cir. 2009).

[2]Castaneda-Comacho did not object to his sentence before the district court.  However, as the government concedes, the district court failed to make the requisite inquiry under *United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004) after pronouncing the sentence.  Therefore, we will review defendant's procedural challenge for an abuse of discretion, rather than for plain error.  *See United States v. Penson*, 526 F.3d 331, 337 (6th Cir. 2008).

unreasonable amount of weight to any pertinent factor." *United States v. Brown*, 557 F.3d 297, 299 (6th Cir. 2009) (alteration in original) (citation and internal quotation marks omitted).

A sentence within the Guidelines range is entitled to a presumption of reasonableness and where, as here, a below-Guidelines sentence is imposed, "simple logic compels the conclusion that . . . defendant's task of persuading us that the more lenient sentence . . . is unreasonably long is even more demanding." *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008).

On appeal, Castaneda-Comacho contends that his sentence is unreasonable in two respects: (1) the district court did not understand the scope of its sentencing discretion and failed to consider whether the issue of fast-track disparity justified a more substantial downward variance from the Guidelines range;[3] and (2) his sentence, predicated on the 16-level enhancement, is unnecessarily harsh in light of the staleness of his prior convictions, his assimilation into American culture, and his subsequent history of reform and non-violence. However, we are not persuaded that the district court abused its discretion in either regard.

We have "declined to require a downward departure based on a defendant's claimed eligibility for a fast-track program in another district." *United States v. Perez-Vasquez*, 570 F.3d 692, 696 (6th Cir. 2009) (citing *United States v. Hernandez-Fierros*, 453 F.3d 309, 314 (6th Cir. 2006)). Thus, although a sentencing court has the authority to deviate from the Guidelines if it

---

[3]This claim is best characterized as a challenge to the procedural reasonableness of his sentence. *United States v. Herrera-Zuniga*, 571 F.3d 568, 580 (6th Cir. 2009); *United States v. Perez-Sanchez*, 388 F. App'x 476, 477-78 (6th Cir. 2010) (unpublished); *United States v. Perez-Lopez*, Nos. 08-5550, 08-5551, 2010 WL 4721242, at *3 (6th Cir. Nov. 22, 2010) (unpublished).

disagrees with the policy underlying the disparity created by the existence of fast-track programs in other districts, it is not required to do so. *Perez-Vasquez*, 570 F.3d at 697-98; *Hernandez-Fierros*, 453 F.3d at 314; *see also United States v. Camacho-Arellano*, 614 F.3d 244, 248 (6th Cir. 2010) (recently clarifying that "[t]o the extent that . . . our . . . cases suggest that sentencing judges *may not* reduce sentences based on the fast-track disparity, . . . any such rule does not survive the Supreme Court's decision in *Kimbrough* [*v. United States*, 552 U.S. 85 (2007)]."). "[W]e presume that the district court understood its discretion [to grant a departure or variance], absent clear evidence to the contrary." *United States v. Santillana*, 540 F.3d 428, 431 (6th Cir. 2008).

In the present case, the record belies Castaneda-Comacho's contention that the district court failed to understand or consider his fast-track disparity argument. At the sentencing hearing, the district court noted this and the rest of Castaneda-Comacho's arguments, noted the sentencing goals of § 3553(a), and rejected each of those arguments for a downward variance, stating, "After careful consideration of all that, the Court has decided . . . it will not follow Mr. Gant's recommendation to downward depart or enter a variance of such degree as suggested by Mr. Gant." The district court specifically acknowledged that defendant's sentencing memorandum set forth his fast-track disparity claim and addressed it, accurately noting that "the Sixth Circuit has said that the fact that we have not seen fit to implement such a system [in the Middle District of Tennessee] . . . does not result in any impermissible disparity because sentences in those non-fast track jurisdictions tend to be greater than those that have the program." Obviously aware of its sentencing discretion in this regard, the

district court determined that the 51-month, below-Guidelines sentence was appropriate under the circumstances:

> The Court was aware of the sentencing options available. It believes that this punishment will not result in unwarranted sentencing disparities between Mr. Castaneda and other defendants with similar records that have been found guilty of similar conduct.

In its sealed statement of reasons, the district court, in a manner consistent with its oral sentencing, reiterated that "[t]he Court is mindful of avoiding disparity in sentencing and believes that the sentence imposed in this case will not produce unjustifiable or inequitable disparities in the sentence of this Defendant and other Defendants with similar records who have commit[ted] similar offenses."

The district court adequately articulated its rationale in rejecting Castaneda-Comacho's fast-track argument, *United States v. Petrus*, 588 F.3d 347, 354-55 (6th Cir. 2009), and we discern no other procedural infirmities in the sentencing proceedings. Thus, Castaneda-Comacho's claim of procedural unreasonableness is without merit.

Castaneda-Comacho also contends that his sentence is unreasonably long. He points to his cultural assimilation into American society – he was brought to this country at the age of three and lived here as a permanent legal resident – and to the staleness of his prior robbery convictions, which occurred fourteen years before his present sentencing. He maintains that the lessons learned from a decade in prison have changed him into a law-abiding individual; thus, his personal circumstances and proper application of the § 3553(a) factors militate in favor of a shorter sentence. We disagree.

The record demonstrates that the district court engaged in a thoughtful review of the § 3553(a) factors as they applied to Castaneda-Comacho. The court explicitly noted his cultural assimilation, the fact that his family lives legally in this country, and his sound work record. The district court found, however, that these favorable elements were offset by his criminal history, which included the five convictions for armed robbery, and the fact that Castaneda-Comacho returned to the United States almost immediately after being deported. The court rejected defendant's argument that the five armed robberies did not reflect a degree of severity justifying the 16-level enhancement under U.S.S.G. § 2L1.2(b)((1)(A)(ii), noting that these prior convictions were not only serious crimes of violence, but also offenses committed with a firearm, either of which triggered the 16-level enhancement. Citing the appropriate § 3553(a) factors, the court imposed a below-Guidelines sentence, but expressly declined to grant a variance to the degree suggested by defense counsel.

Clearly, the district court fashioned the sentence after carefully considering the parties' arguments and all of the § 3553(a) factors. Viewed in the totality of the circumstances, Castaneda-Comacho has failed to overcome the presumption of reasonableness that applies to his below-Guidelines sentence. We therefore find the 51-month sentence to be substantively reasonable.

III.

For the foregoing reasons, the judgment of the district court is affirmed.