41 F.3d 1511
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arnold TURNER, Defendant-Appellant.
 No. 94-1490.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 18, 1994.*
Decided Nov. 18, 1994.
 
 Before POSNER, Chief Judge, and CUMMINGS, and MANION, Circuit Judges.
 
 ORDER
 
 1
 Arnold Turner appeals his sentence of 120 months of imprisonment and 8 years of supervised release for distribution of 19.1 grams of cocaine base. The sentence imposed was the mandatory minimum required by 21 U.S.C. Sec. 841(b)(1)(B). Turner's mandatory minimum sentence was doubled from 5 years of imprisonment and 4 years of supervised release to 10 years of imprisonment and 8 years of supervised release because of his two prior convictions for possession of controlled substances. See id. Turner alleges that Congress did not intend the mandatory minimums to apply to addicts and low-level dealers, and he argues that the district court should have departed downward from the mandatory minimum in his case. We reject Turner's arguments.
 
 
 2
 The government contends that we have no jurisdiction to hear this case. Turner alleges that the district court erroneously found that it had no authority to depart from the statutory minimum sentence. If sufficiently supported, this allegation could give us jurisdiction to review the sentence under 18 U.S.C. Sec. 3742(a). United States v. Thomas, 11 F.3d 732, 735 (7th Cir.1993), petition for cert. filed (U.S. May 12, 1994) (No. 93-9751) ("[A] judge who misinterprets her authority has either committed a mistake of law under Sec. 3742(a)(1) or misapplied the guidelines under Sec. 3742(a)(2)."). However, a mere allegation that the district court misinterpreted its authority does not necessarily vest this court with jurisdiction. See Motorola, Inc. v. Computer Displays Intl., Inc., 739 F.2d 1149, 1155 (7th Cir.1984). We do not have jurisdiction if, after a cursory examination of the merits, it is apparent that Turner's claim is frivolous.[1] Id.
 
 
 3
 Turner contends that the mandatory minimum prescribed by Sec. 841(b)(1)(B) should not "apply to small time drug peddlers who suffer from drug addiction." Brief for Appellant at 7. This argument finds no support in the case law. When a mandatory minimum sentence is set by statute, "any exception to the statutory directive must also be given by statute." Thomas, 11 F.3d at 737. Congress has granted the courts authority to depart from mandatory minimum sentences only upon the government's motion that the court impose a lower sentence "to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. Sec. 3553(e); see United States v. DeMaio, 28 F.3d 588, 591 (7th Cir.1994) ("the district court may only depart below a statutory mandatory minimum sentence to reflect a defendant's substantial assistance to the authorities"); Thomas, 11 F.3d at 736-37 (departures from mandatory minimum allowed only for assistance to the government); United States v. Campbell, 995 F.2d 173, 175 (10th Cir.1993); United States v. Vilchez, 967 F.2d 1351, 1355 (9th Cir.1992). The government made no substantial assistance motion in this case.
 
 
 4
 The district court may review a prosecutor's decision not to file a substantial assistance motion if "the refusal was based on an unconstitutional motive ... [for example], because of the defendant's race or religion." Wade v. United States, 112 S.Ct. 1840, 1844 (1992). Under Wade, a defendant may obtain discovery or an evidentiary hearing only after making a "substantial threshold showing" of a constitutional violation. Id. In the instant case, Turner makes no allegation of unconstitutional motive, much less a substantial threshold showing. Thus, the district court correctly concluded that it must apply the mandatory minimum sentence.
 
 
 5
 This cursory examination of the case law reveals that Turner's argument has no merit. Thus, we lack jurisdiction to review the decision of the district court. Even if Turner could allege enough to invoke this court's jurisdiction under Sec. 3742(a), the district court may not depart from the statutory minimum sentence mandated by Sec. 841(b)(1)(B) unless the government makes a substantial assistance motion. No such motion was made in this case. Accordingly, the decision of the district court is
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 As the task of determining jurisdiction requires at least some discussion of the merits, we recognize that, in many cases, the jurisdictional analysis will not differ greatly from deciding the case on the merits