**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4352**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ARTHUR MEMMINGER,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge.
(CR-03-709)

_____

Submitted:  July 29, 2005          Decided:  August 24, 2005

_____

Before LUTTIG, WILLIAMS, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis H. Lang, CALLISON TIGHE & ROBINSON, L.L.C., Columbia, South
Carolina, for Appellant.  Jonathan S. Gasser, Acting United States
Attorney, John C. Duane, Assistant United States Attorney,
Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Pursuant to a plea agreement, Arthur Lee Memminger pled guilty to possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000). The district court sentenced Memminger to an enhanced sentence of 120 months of imprisonment based upon his prior convictions for felony drug offenses. See 21 U.S.C.A. §§ 802(44), 841(b)(1)(B) (West 1999 & Supp. 2005). Memminger appeals his sentence, asserting that the district court erred in concluding that his prior convictions were felony drug offenses, and that his constitutional rights were violated because the prior convictions were not alleged in the indictment. He does not challenge his conviction on appeal. We affirm.

Because Memminger did not raise the sentencing issues in the district court, we review for plain error. Fed. R. Crim. P. 52(b); United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). To demonstrate plain error, Memminger must establish that error occurred, that it was plain, and that it affected his substantial rights. Id. at 547-48. If a defendant establishes these requirements, our "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of

- 2 -

judicial proceedings." Id. at 555 (internal quotation marks and citation omitted).

Memminger asserts that the district court plainly erred in concluding that the predicate offenses set forth in the information filed pursuant to 21 U.S.C. § 851 (2000) qualified as felony drug offenses for purposes of imposing an enhanced sentence under § 841(b)(1)(B). We disagree. Memminger had three predicate offenses, each of which involved possession of a controlled substance. Under South Carolina law, a subsequent possession offense is classified as a felony punishable by not more than five years of imprisonment. See S.C. Code Ann. §§ 44-53-370(c), (d)(1) (Law. Co-op. 2002 & Supp. 2004); id. § 44-53-470 (Law. Co-op. 2002) (defining second or subsequent offense).[*] Because the predicate offenses satisfy the definition of felony drug offense in § 802(44), we find that there was no error — plain or otherwise — in the district court's imposition of the ten-year statutory mandatory minimum sentence. See United States v. Pinckney, 938 F.2d 519, 522 (4th Cir. 1991) (holding that defendant's conviction for possession of marijuana with intent to distribute, which was classified as a misdemeanor under South Carolina law, was properly deemed a felony for career offender purposes because offense was punishable by up to five years imprisonment).

---

[*]These sections were amended after the district court sentenced Memminger. See 2005 S.C. Acts 127.

Memminger also contends that the district court plainly erred in relying on the predicate offenses to sentence him to a statutory mandatory minimum sentence because the offenses were not charged in the indictment. His argument is foreclosed by our recent decision in United States v. Cheek, 415 F.3d 349 (4th Cir. 2005) (holding that Sixth Amendment not violated when sentence enhanced based on prior convictions that were not charged in indictment or admitted by defendant).

Accordingly, we affirm Memminger's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED