NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0666n.06
Filed: September 6, 2007

No. 06-6047

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Western |
| VERMA Y. PINKNEY, | ) | District of Tennessee |
| | ) | |
| Defendant-Appellant. | ) | |

Before:     **BOGGS, Chief Judge; ROGERS, Circuit Judge; and CALDWELL, District Judge**[*]

**PER CURIAM.**   Verma Y. Pinkney was indicted for conspiracy to commit wire fraud and money laundering, in violation of 18 U.S.C. §§ 2, 1343, and 1957.  She pled guilty to one count of the indictment (engaging in monetary transactions with property derived from wire fraud) and was sentenced to 21 months in prison followed by 3 years of supervised release.  On appeal, Pinkney challenges the reasonableness of her sentence under *Booker*.  Because the district court's sentence was both procedurally and substantively reasonable, we affirm.

**I**

---

[*] The Honorable Karen K. Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

From mid-2001 to early 2002, Pinkney engaged in a fraudulent mortgage transaction in which she defrauded several banks of substantial sums of money. Pinkney does not contest the facts underlying her conviction, and the details are not relevant to the issue upon appeal.

After she pled guilty to one count of engaging in monetary transactions with property derived from wire fraud, in violation of 18 U.S.C. § 1957, the government dismissed the other two counts on which she had been indicted. The government also agreed not to pursue additional charges against Pinkney for a similar, but unrelated, scheme. The plea agreement included an agreement by the parties that the "sentence of imprisonment" would not exceed "30 months." The agreed upon 30-month cap did not preclude Pinkney "from seeking a lesser sentence."

A Pre-Sentence Report (PSR) was prepared that calculated Pinkney's guideline range to be 30-37 months, based on a Criminal History Category of I and a total offense level of 19. Subsequent to the preparation of the PSR, Pinkney provided a written statement accepting responsibility and the total offense level was reduced by three levels, resulting in a guideline range of 21-27 months.

Pinkney made no objection to the facts in the PSR or its calculations. She did, however, request a sentence of probation, with the condition that she spend twelve months in home detention. She based this request on her lack of criminal history; lengthy employment record; need to provide parental care for her 10-year old daughter; enrollment at the University of Memphis; gambling addiction; loss of assets, home, and respect in the community; and lack of criminal activity post-offense.

At the sentencing hearing, Pinkney testified that she was concerned about giving custody of her ten-year old daughter to Basil Buchanan, the child's father. Pinkney testified that her daughter,

when three, had told Pinkney that Buchanan had told her to "put [her] hand on his thang." The district judge then questioned Pinkney, and determined that Buchanan had no custody rights and that the child could reside with Pinkney's sister, as previously arranged, while Pinkney was incarcerated.

After considering the 18 U.S.C. § 3553 factors, the district court imposed a sentence of 21 months in prison, followed by 3 years of supervised release, and $90,000 restitution to one of the banks involved. The district court also noted Pinkney's gambling problems and required her to undergo counseling for those problems as a condition of supervised release.

## II

We review a district court's sentence for reasonableness. *United States v. Booker*, 543 U.S. 220, 264 (2005); *United States v. McBride*, 434 F.3d 470, 477 (6th Cir. 2006). "[W]e read *Booker* as instructing appellate courts in determining reasonableness to consider not only the length of the sentence but also the factors evaluated and the procedures employed by the district court in reaching its sentencing determination. Thus, we may conclude that a sentence is unreasonable when the district judge fails to 'consider' the applicable Guidelines range or neglects to 'consider' the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005) (footnote omitted). A "'ritual incantation' of the factors" is not mandatory, but "explicit mention of those factors may facilitate review." *United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005). A sentence that is within the advisory guideline range is entitled to a presumption of reasonableness. *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007); *United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006).

**III**

In this case, the district court explicitly mentioned the § 3553 factors, analyzed each of them individually, and applied them to Pinkney's case. While the court noted that Pinkney had no criminal history and found that she would not be a future criminal risk, it also found that her fraudulent activity was of a type that was becoming increasingly common in the Western District of Tennessee. The court found that it was serious fraud, and required a prison sentence both in order to reflect the seriousness of the crime and to deter others from committing the same offense. The court then considered the guideline range, noted that it was important to avoid unwarranted sentencing disparity, and concluded that the case did not present any facts that required a variance from the guideline range.

This was a model sentencing. Every § 3553 factor was explicitly considered, the district court's analysis was comprehensive and clearly stated, and the district court, finding nothing that warranted a sentence outside of the guideline range, sentenced Pinkney to the lower end of that range. Pinkney has not identified anything that indicates that the district court's choice of a within-guidelines sentence was unreasonable. Pinkney does argue that the district court treated the guidelines as mandatory and points to the following statement from the court as proof:

> The guidelines are advisory, they're not mandatory, but so many things speak to giving serious consideration to the guidelines in order to avoid that unwarranted sentencing disparity that the courts should be and are worried about. The deterrent effect [that] the government argues for is a valid concern, and it's just a difficult situation for all of us. That means that the sentence will be 21 months. Obviously, I will not impose any more than that. There is never a perfect solution in these types of situations at all. Everybody suggests that the court has a lot of authority, but when you look at it carefully, we're bound by all the logic and rules that are set out in both the guidelines and the guidance from Congress, all the concerns that are legal

> concerns. It think it ought to be that sentences should have some logic and, unfortunately, this is the way this one should come out, so that's what I'm going to do.

Despite the first sentence's clear statement that the guidelines are advisory, Pinkney tries to construe this passage as a statement by the district court that it was "bound" by the guidelines. In fact, the district court is apparently merely opining that it is bound by law, which includes the "guidelines," the statutory "guidance from Congress," and other "legal concerns." This is nothing more than a statement that the district court does not have unfettered discretion, but must take into account the guidelines, the statutory § 3553 factors from Congress, and the teachings of the Supreme Court. The district court did so, and did so correctly.

**IV**

For the reasons set out above, we AFFIRM Pinkney's sentence.