**NOT RECOMMENDED FOR PUBLICATION**
File Name: 09a0832n.06

**No. 07-6403**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
**Dec 29, 2009**
LEONARD GREEN, Clerk

**UNITED STATES OF AMERICA,**

*Plaintiff-Appellee*,

v.

**BRYANT LOCKETT,**

*Defendant-Appellant*.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF KENTUCKY

Before:      BATCHELDER, Chief Judge; GIBBONS, Judge; MALONEY, District Judge.[*]

PAUL MALONEY, Chief District Judge.

On April 12, 2006, a federal grand jury in the Eastern District of Kentucky issued an indictment charging defendant-appellant Bryant Lockett ("Lockett") with one count of possession with intent to distribute ("PWID") five grams or more of cocaine base ("crack"), a schedule II controlled substance, on December 20, 2005 in violation of 21 U.S.C. § 841(a)(1). A superseding indictment filed on October 11, 2006 added a second count of distribution of a substance or mixture containing a detectable amount of crack on August 13, 2006, again in violation of 21 U.S.C. §

---

[*] The Honorable Paul L. Maloney, Chief United States District Judge, United States District Court for the Western District of Michigan, sitting by designation.

841(a)(1). Lockett was arrested, arraigned, and pled not guilty on October 25, 2006, and the court appointed counsel to represent him on October 26, 2006.

On November 10, 2006, the prosecution filed a Notice of Prior Conviction Information, which stated, in its entirety:

> Comes now the United States of America, by and through counsel, [name omitted], Assistant United States Attorney for the Eastern District of Kentucky, and pursuant to 21 U.S.C. § 851(a)(1), hereby files this prior Conviction Information, stating that Defendant's previous conviction listed below will be relied on to permit increased punishment by reason of one or more prior felony drug convictions as set forth in 21 U.S.C. § 841.
>
> On or about March 8, 1995, the Defendant was convicted of the offense of Drug Trafficking (F-3),a felony, in the Court of Common Pleas for Hamilton County, Ohio, in case number B937725.

The Notice failed to specify the Ohio statutory provision under which Lockett had been convicted.[1]

On December 18, 2006, Lockett was rearraigned and pled guilty to count one, in return for the prosecution's oral promise to request the dismissal of count two. On June 6, 2007, Lockett filed an Objection to Prior Conviction Information which stated, in its entirety,

> Comes now the Defendant, Bryant Lockett, by and through counsel, and pursuant to 21 U.S.C. § 851 hereby objects to the use of the Defendant's prior conviction in the Court of Common Pleas for Hamilton County, Ohio in case number B937725 to permit increased punishment by reason of one or more drug felony convictions as set forth in 21 U.S.C. § 841.
>
> The Defendant pled guilty to count one of violating ORC 2925.03 and counts two and three and the specifications to counts one, two and three were dismissed. ORC 2925.03A(6), A(9) convictions have been determined not to qualify as "controlled substance offenses" under USSG 4B1.1. *United States v. Montanez*, 442 F.3d 485, [sic, no page number] (6th Cir. 2006). A review of the information provided in the Presentence Investigation Report and a review of the information available on the

---

[1] The 1995 date of conviction listed in the prosecution's Notice was erroneous. As the presentence report makes clear, Lockett was in fact convicted in January 1994.

-2-

Hamilton County Clerk's website, failed to specify under which part of ORC 2925.03 Defendant was convicted. Therefore, until it is determined that the section under which Defendant was convicted actually qualifies as a prior drug offense under USSG 4B1.1, Defendant should not be subject to the enhancement of 21 U.S.C. § 841 as having a prior drug conviction.

(Paragraph break added).

On June 11, 2007, the prosecution filed a response to the objection. Among other things, the prosecution's response noted, "The facts in this case are distinguishable from those in *Montanez*. Mr. Lockett's prior conviction at issue was for 'Aggravated Trafficking (Sale).' It was not for any form of possession." However, the prosecution still did not specify the statutory provision for that prior Ohio conviction, let alone provide documentary evidence thereof. The prosecution's response concluded by stating, "In addition, Mr. Lockett has two other qualifying felony convictions for violent offenses that make him a career offender even without any consideration of the felony drug conviction listed in the Prior Conviction Information."

Lockett filed a sentencing memorandum in June 2007. On November 16, 2007, consistent with the oral agreement, the district court dismissed count two and sentenced Lockett to 131 months of imprisonment and eight years of supervised release on count one.

I.

On appeal, Lockett raises three issues regarding his sentence:

(1) whether the district court erred by enhancing his sentence under 21 U.S.C. § 841(b)(1)(B) based on his prior conviction for drug trafficking in violation of OHIO REV. CODE § 2925.03, where the record does not specify the *subsection* of conviction;

(2)     whether the district court erred in calculating his U.S.S.G. § 4B1.1 career-offender guideline sentence range based on his maximum possible sentence as enhanced by 21 U.S.C. § 841(b)(1)(B);

(3)     whether the disparity in 21 U.S.C. § 841(b) between the mandatory minimum sentence for a given quantity of cocaine base and the mandatory minimum sentence for that same quantity of cocaine powder violates his right to equal protection of the law under the Fifth Amendment's Due Process Clause.

For the reasons that follow, we reject Lockett's arguments. Lockett's argument on issue one lacks merit, because at the time when he committed the violation of OHIO REV. CODE § 2925.03, all violations of that statute constituted at least a third-degree felony and were potentially punishable by more than twelve months imprisonment under Ohio statute. Thus, the district court did not err in counting his prior conviction under OHIO REV. CODE § 2925.03 as a predicate "*felony* drug offense" helping to qualify him for a 21 U.S.C. § 841(b)(1)(B) enhancement. Therefore, Lockett's first argument on issue two also lacks merit, i.e., that a court cannot calculate a career-offender guideline based on an enhancement that was itself improper.

Lockett's second argument on issue two lacks merit, because there is nothing improper about considering the maximum potential *enhanced* sentence for purposes of a career-offender calculation. Lockett's argument on issue three is squarely foreclosed by binding precedent rejecting Equal Protection challenges to the crack/powder cocaine guideline disparity.

II.

This court has jurisdiction of this appeal pursuant to 28 U.S.C. § 1291.

III.

-4-

The facts underlying Lockett's instant conviction are not relevant to his assignments of error, nor are the facts leading to his prior conviction under OHIO REV. CODE § 2925.03, and he does not contest either set of facts. *See, e.g., United States v. Pinkney*, 247 F. App'x 717, 717 (6th Cir. 2007) (per curiam) (forgoing recitation of facts and noting that "Pinkney does not contest the facts underlying her conviction, and the details are not relevant to the issue on appeal"); *United States v. Anglin*, 169 F. App'x 971, 972 (6th Cir. 2006) ("Anglin pled guilty to the bank robbery, and he does not challenge that plea on appeal. The facts of the robbery are therefore not material to this appeal."), *cert. denied*, 549 U.S. 1213 (2007).

IV.

Lockett summarizes his first issue as follows:

The trial Court violated Lockett's Fifth Amendment rights when his sentence was enhanced under 21 U.S.C. § 841(b)(1)(B)(iii) by the use of an invalid [sic] prior drug felony conviction. The United States filed a Prior Conviction Information based on an Ohio Conviction, Case Number B937725. (R.10 . . . .) Subsequently, Lockett filed an objection to Prior Conviction Information. (R.20 . . . .)

Sections of the Ohio statute under which Lockett was convicted was [sic] previously determined by [the] United States Court of Appeals for the Sixth Circuit to be uncountable as a prior drug felony. No other Prior Conviction Information was filed by the United States. The minimum sentence for Lockett under 21 U.S.C. § 841(b)(1)(B)(iii) should not have been enhanced as the result of a prior drug felony conviction.

Def.'s Br. at 10.

Whether Lockett's prior conviction under OHIO REV. CODE § 2925.03 qualifies as a "felony drug offense" for purposes of 21 U.S.C. § 841(b)(1)(B) is a question of law which we review *de novo*. *See United States v. Rolfe*, 997 F.2d 189, 190 (6th Cir. 1993) ("Rolfe contends that §

-5-

841(b)(1)(B) does not apply to his sentence because his prior conviction was for a misdemeanor punishable by as much as two years in prison ('two-year misdemeanor') rather than for a 'felony.' Specifically, Rolfe argues that the 1980 conviction was labeled a misdemeanor and not a felony and thus should not be construed as a felony simply because of the two-year penalty. Since this is a question of law, the Court reviews the district court's determination *de novo*.") (citing *United States v. Hans*, 921 F.2d 81 (6th Cir. 1990)).[2]

Title 21 U.S.C. "§ 841(b)(1)(B) states that for any violation of § 841(a) involving 500 grams or more of cocaine or 5 grams or more of cocaine base, there is a statutory mandatory minimum sentence of five to forty years imprisonment." *United States v. Jemison*, 310 F. App'x 866, 880 (6th Cir.), *cert. denied*, – U.S. –, 130 S.Ct. 258 (U.S. 2009) (No. 09-5394). By statute, "[h]owever, a defendant with a 'prior conviction for a felony drug offense . . . shall be sentenced to a term of imprisonment which may not be less than ten years and not more than life imprisonment.'"[3] *Jemison*, 310 F. App'x at 880 (quoting 21 U.S.C. § 841(b)(1)(B) (text following but not part of § 841(b)(1)(B)(viii)); *see, e.g., United States v. Mooneyham*, 473 F.3d 280, 294 (6th Cir.) ("With a

---

[2]

*Accord United States v. Pinckney*, 938 F.2d 519, 522 (4th Cir. 1991) (prior conviction for PWID marijuana, although classified as a misdemeanor under South Carolina law, was properly deemed a felony because it was punishable by up to five years imprisonment).

[3]

When a defendant faces a statutory minimum sentence, the district court's ability to depart downward below that minimum is limited to the authority conferred by two provisions: 18 U.S.C. § 3553(e), which allows for departures based upon the government's motion indicating that a defendant has provided particularly substantial assistance in the investigation of other suspects, and 18 U.S.C. § 3553(f), which is known as the "safety valve" provision. *See United States v. Stewart*, 306 F.3d 295, 331 n.21 (6th Cir. 2002). In *United States v. Burke*, 237 F.3d 741, 743 (6th Cir. 2001), "we recognized that all of the courts that have addressed the issue have determined that *these two provisions represent the exclusive means by which a district court may depart below a statutory minimum*." *Stewart*, 306 F.3d at 331 n.21 (collecting cases) (emphasis added).

total offense level of 28 and a criminal history category of IV, the guideline range for imprisonment was 110 to 137 months. However, Mooneyham was subject to a statutory mandatory minimum sentence of ten years, pursuant to 21 U.S.C. § 841(b)(1)(B), because of a prior felony drug conviction in 1998 and, thus, his applicable guideline range was effectively 120 to 137 months."), *cert. denied*, – U.S. –, 128 S.Ct. 531 (2007).

Section 841(b) itself does not define the term "felony drug offense" or even the term "felony." However, title 28 U.S.C. § 802(13) defines "felony" to mean any "offense classified by applicable Federal or state law as a felony." To define the compound term "felony drug offense," our section 841(b) cases consult 21 U.S.C. § 802(44), which defines it as an offense "*punishable by imprisonment for more than one year* under any law . . . that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." *See Jemison*, 310 F. App'x at 880 (emphasis added). *Accord United States v. Burgess*, 478 F.3d 658, 662 (4th Cir. 2007) ("Like the First Circuit, whose reasoning we adopt, we believe that '[b]ecause the term 'felony drug offense' is specifically defined in § 802(44), and § 841(b)(1)(A) makes use of that precise term, the logical, commonsense way to interpret 'felony drug offense' in § 841(b)(1)(A) is by reference to the definition in § 802(44).'") (citing *United States v. Roberson*, 459 F.3d 39, 52 (1st Cir. 2006), *cert. denied*, 549 U.S. 1214 (2007)), *aff'd*, – U.S. –, 128 S.Ct. 1572 (2008).

"The use of the word 'punishable' rather than 'punished' makes clear that 'it is not the actual punishment imposed but that which the statute authorizes which determines whether a crime is a felony or a misdemeanor.'" *Jemison*, 310 F. App'x at 880 (quoting *Barde v. United States*, 224 F.2d 959, 959 (6th Cir. 1955) (citing *Cartwright v. United States*, 146 F.2d 133, 135 (5th Cir. 1945))).

The Supreme Court unanimously reaffirmed this principle, and clarified the criteria for a § 841(b)(a)(A) "felony drug offense", in *Burgess v. United States*, – U.S. –, 128 S.Ct. 1572 (2008). Burgess pled guilty to PWID 50 grams or more of crack, an offense which presumptively carries a 10-year mandatory minimum sentence under 21 U.S.C. § 841(b). *See Burgess*, – U.S. at –, 128 S.Ct. at 1575-76. He had a prior South Carolina drug conviction, however, so the government sought to enhance his instant-offense sentence pursuant to 21 U.S.C. § 841(b)(a)(A), which doubled the mandatory minimum sentence to twenty years. *See id., –* U.S. at –, 128 S.Ct. at 1576. Because South Carolina law called the prior offense a misdemeanor, Burgess contended that it did not constitute a predicate offense for application of the § 841(b)(a)(A) enhancement. Burgess argued that "a prior drug offense does not warrant an enhanced § 841(b)(a)(A) sentence unless it is *both* (1) classified as a felony under the law of the punishing jurisdiction [the State of South Carolina], per § 802(13); *and* (2) punishable by more than one year's imprisonment, per § 802(44)." *See id.*, – U.S. at –, 128 S.Ct. at 1576.

The Supreme Court ruled in favor of the prosecution, holding that "all defendants whose prior drug crimes were punishable by more than one year in prison would be subject to the § 841(b)(a)(A) enhancement, regardless of the punishing jurisdiction's classification of the offense." *Burgess*, – U.S. at –, 128 S.Ct. at 1577. The Court explained at some length why § 803(44)'s definition of "felony drug offense" provides "the exclusive definition of "felony drug offense" for purposes of § 841(b)(a)(A), without reference to the definition of "felony" in § 802(13). *See id.*, – U.S. at –, 128 S.Ct. at 1577-80.

Lockett's prior conviction was for a violation of OHIO REV. CODE § 2925.03.

Lockett argues that in the prior Ohio case, he

pled guilty to count one of violating ORC 2925.03 and . . . the specifications . . . were dismissed and he was sentenced to one year in prison with credit for 35 days already served.

\* \* \*

A review of the information provided in the Presentence Report and a review of the information available on the Hamilton County [Ohio] website, failed to specify under which part of ORC 2925.03 Lockett was convicted. (R. 29, Sealed Presentence Investigation Report, pg 6 . . . .

\* \* \*

In response to Lockett's Objection to Prior Conviction Information, the probation officer included additional information that he located with regard to the prior conviction referenced [sic] in the presentence report. \* \* \* [But] the probation officer was unable to identify the specific Ohio statute section under which Lockett was found guilty or sentenced. Without the specific statute section and the fact that Lockett was sentenced to only one year in prison, there is sufficient doubt as to whether Lockett's prior conviction qualifies as a prior drug conviction under 21 U.S.C. § 841(b)(1)(B)(iii).

\* \* \*

\* \* \* The trial court did not make any findings on the weight of the drugs from the Ohio conviction or determined [sic] which provisions of the Ohio statute it consider[ed] Lockett to have been convicted [sic].

Def.'s Br at 13 and 14-15 and 16.

The government's response brief on appeal failed to point to any document in the record which proves that Lockett was convicted under a subsection of OHIO REV. CODE § 2925.03 which constitutes a first-, second-, third- or fourth-degree felony. The government's brief stated only that "Lockett does not dispute the probation office's determination that his conviction under OHIO REV. CODE § 2925.03 was for a third[-]degree felony." Gov's Br at 5 (citing R. 29, Pre-Sentence Report's Second Addendum). This is inaccurate. As Lockett points out, *see* Def.'s Reply Br at 2, before sentencing he vigorously contested the notion that his prior conviction under OHIO REV. CODE § 2925.03 was more than a fifth-degree felony, and he continues to contest that issue on appeal. Lockett's consistent theory about his prior Ohio conviction has been that

> [s]ince all of the specifications, the penalty which Lockett faced was specified by ORC 2925.03(C)(4)(a), a fifth[-]degree felony. Lockett, in fact, was sentenced to one year in accordance with the maximum for a fifth[-]degree felony.
>
> The United States, in its brief, incorrectly claims that the offense for which Lockett was convicted was a third[-]degree felony punishable [by] up to five years in prison. For that to be accurate, Lockett would have to have been convicted of Count 1 with a specification such as [those stated] in ORC 2925.03(C)(4)(c), (d).

Def.'s Reply Br at 1-2. Moreover, at oral argument, the government's counsel did not identify any document in the record which conclusively established the subsection of OHIO REV. CODE § 2925.03 (1993) under which Lockett was convicted.

Nonetheless, the government prevails on this issue, because Lockett's conviction under OHIO REV. CODE § 2925.03 (1993) necessarily made him eligible for more than one year of imprisonment. In January 1994, when Lockett was convicted of violating OHIO REV. CODE § 2925.03, the offense-definition portion of that section provided, in pertinent part,

(A)     No person shall knowingly do any of the following:

   (1)     Sell or offer to sell a controlled substance in an amount less than the minimum bulk amount;

   (2)     Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reason to believe that the controlled substance is intended for sale or resale by the offender or another person.

   (3)     Cultivate, manufacture, or otherwise engage in any part of the production of a controlled substance;

   (4)     Possess a controlled substance in an amount equal to or exceeding the bulk amount, but in an amount less than three times that amount;

-10-

(5) Sell or offer to sell a controlled substance in an amount equal to or exceeding the bulk amount, but in an amount less than three times that amount;

(6) Possess a controlled substance in an amount equal to or exceeding three times the bulk amount, but in an amount less than one hundred times that amount;

(7) Sell or offer to sell a controlled substance in an amount equal to or exceeding three times the bulk amount, but in an amount less than one hundred times that amount;

(8) Provide money or other items of value to another person with the purpose that the recipient of the money or items of value would use them to obtain controlled substances for the purpose of selling or offering to sell the controlled substances in amounts exceeding a bulk amount or for the purpose of violating division (A)(3) of this section;

(9) Possess a controlled substance in an amount equal to or exceeding one hundred times the bulk amount;

(10) Sell or offer to sell a controlled substance in an amount equal to or exceeding one hundred times the bulk amount;

(11) Administer to a human being, or prescribe or dispense for administration to a human being, any anabolic steroid not approved by the [FDA] for administration to human beings.

(B) This section does not apply to any of the following:  *  *  *

In January 1994, the penalty portion of OHIO REV. CODE § 2925.03 provided as follows for Schedule

I and Schedule II drugs other than marijuana:

(C)  If the drug involved in the violation is any compound, mixture, preparation, or substance included in schedule I, with the exception of marihuana, or in schedule II, whoever violates this section is guilty of aggravated trafficking.

(1) Where the offender has violated division (A)(1) of this section, aggravated trafficking is a felony of the third degree, except that aggravated trafficking is a felony of the second degree[,] if any of the following apply:  *  *  *

-11-

(2)    Where the offender has violated division (A)(2) of this section, aggravated trafficking is a felony of the third degree, except that, if the offender previously has been convicted of a felony drug abuse offense, aggravated trafficking is a felony of the second degree.

(3)    Where the offender has violated division (A)(3) of this section, aggravated trafficking is a felony of the second degree, and the court shall impose a sentence of actual incarceration of three years, except that, if the offender has previously been convicted of a felony drug abuse offense, aggravated trafficking is a felony of the first degree, and the court shall impose a sentence of actual incarceration of five years.

(4)    Where the offender has violated division (A)(4) of this section, aggravated trafficking is a felony of the third degree, and the court shall impose a sentence of actual incarceration of eighteen months, except that, if the offender previously has been convicted of a felony drug abuse offense, aggravated trafficking is a felony of the second degree, and the court shall impose a sentence of actual incarceration of three years.

(5)    Where the offender has violated division (A)(5) of this section, aggravated trafficking is a felony of the second degree, and the court shall impose a sentence of actual incarceration of three years, except that aggravated trafficking is a felony of the first degree and the court shall impose a sentence of actual incarceration of five years, if any of the following apply:  * * *

(6)    Where the offender has violated division (A)(6) of this section, aggravated trafficking is a felony of the second degree, and the court shall impose a sentence of actual incarceration of three years, except that the court shall impose a sentence of actual incarceration of at least seven years, if any of the following apply:  * * *

(7)    Where the offender has violated division (A)(7) of this section, aggravated trafficking is a felony of the first degree, and the court shall impose a sentence of actual incarceration of five years, except that the court shall impose a sentence of

actual incarceration of seven years, if any of the following apply: * * *

(8) Where the offender has violated division (A)(8) of this section, aggravated trafficking is a felony of the first degree, and the court shall impose a sentence of actual incarceration of seven years, except that, if the offender previously has been convicted of a felony drug abuse offense, the court shall impose a sentence of actual incarceration of ten years.

(9) Where the offender has violated division (A)(9) of this section, aggravated trafficking is a felony of the first degree, and the court shall impose an indefinite term of imprisonment of fifteen years to life for the offense, with the minimum term of fifteen years being a sentence of actual incarceration.

(10) Where the offender has violated division (A)(10) of this section, aggravated trafficking is a felony of the first degree, and the court shall impose an indefinite term of imprisonment of fifteen years to life for the offense, with the minimum term of fifteen years being a sentence of actual incarceration, except that the court shall impose an indefinite term of twenty years to life for the offense, with the minimum term of twenty years being a sentence of actual incarceration, if any of the following apply: * * *

OHIO REV. CODE § 2923.05(C).

In other words, if Lockett's prior conviction was for any violation of OHIO REV. CODE § 2923.05(A)(1) or (A)(2), he was guilty of at least a third-degree felony even without specifications. *See* OHIO REV. CODE § 2925.03. In January 1994, Ohio statute provided that "[f]or a felony of the third degree, the term shall be one, one and one-half, or two years." OHIO REV. CODE § 2929.11(D)(1) (1993).

Therefore, no matter which offense described in OHIO REV. CODE § 2925.03(A) (1993) Lockett committed, OHIO REV. CODE § 2925.03(C) classified his offense as no less than a third-degree felony and allowed or required a sentence of more than twelve months imprisonment. That

renders Lockett's prior conviction a "felony drug offense" as defined by 21 U.S.C. § 802(44) and therefore 21 U.S.C. § 841(b)(1)(B).

V.

Lockett further presents no authority for his suggestion that the amount of drugs involved in his prior OHIO REV. CODE § 2925.03 offense affects whether that conviction qualifies as a felony drug offense for purposes of 21 U.S.C. § 841(b)(1)(B). That subsection makes no reference to drug weight or quantity, nor do any of our precedents applying it. Likewise, 21 U.S.C. § 802(44), whose definition of "felony drug offense" is adopted for 21 U.S.C. § 841(b)(1)(B) enhancement analysis, makes no reference to drug weight or quantity, nor do any of our precedents applying it. *See United States v. Spikes*, 158 F.3d 913, 932 (6th Cir. 1998) (concluding that "felony drug offense" as used in 21 U.S.C. § 802(44) "includes *any* criminal conduct relating to narcotics, including simple possession, which a state has proscribed as a felony.") (citations omitted); *accord United States v. Brock*, 253 F. App'x 260, 263 (4th Cir. 2007) (per curiam) ("We further reject Brock's assertion that his prior narcotics conviction should not have been used as a predicate conviction because the drug quantity involved in that conviction did not meet the statutory threshold. However, the drug quantity involved in the prior narcotics conviction is not relevant; all that is relevant is that Brock had a prior felony conviction for a narcotics offense . . . .").[1]

---

[1]

Indeed, numerous sister courts have upheld application of the section 841(b)(1)(B) enhancement where the prior state-court conviction was for mere simple possession of an illegal drug – without even discussing whether the state statute of conviction required any particular drug quantity as an element. *See, e.g., United States v. Kateusz*, 238 F. App'x 184, 185 (8th Cir. 2007) (per curiam); *United States v. Turner*, No. 94-1490, 41 F.3d 1511, 1994 WL 652211, *1 (7th Cir.

-14-

Finally, Lockett's reliance on *United States v. Montanez*, 442 F.3d 485 (6th Cir. 2006) is misplaced, as Lockett has confused the requirements of a 21 U.S.C. § 841(b)(1)(B) enhancement and the requirements for a career-offender enhancement based on a prior "controlled substance offense." The *Montanez* opinion never even mentions 21 U.S.C. § 841(b)(1)(B). The defendant there pled guilty to one count of PWID an unspecified amount of cocaine in violation of 21 U.S.C. § 841(a). His appeal challenged the district court's determination that he was a career offender, under U.S.S.G. § 4B1.1, based on his two prior convictions under Ohio Rev. Code 2925.03(A)(6) and (9). The career-offender guideline provides that a defendant is a career offender if

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least *two prior felony convictions of either a crime of violence or a controlled substance offense.*

*Montanez*, 442 F.3d at 488 (quoting U.S.S.G. § 4B1.1) (emphasis added). The career-offender guideline makes no mention of a "felony drug offense," only violent felonies and controlled-substance felonies.

To justify the designation of Montanez as a career offender under U.S.S.G. § 4B1.1, the government had to prove that he had two prior convictions for violent felonies and/or controlled-substance felonies. There was no allegation that Montanez had two priors for violent felonies, so the government had to prove that he had two priors for controlled-substance felonies. For purposes of career-offender status, the guidelines defined "controlled substance offense" as

Nov. 18, 1994) (per curiam); *United States v. Memminger*, 145 F. App'x 813, 814-15 (4th Cir. 2005) (per curiam).

an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b). The panel recognized that under this definition, "simple possession – that is, possession without the proof beyond a reasonable doubt of the requisite intent to 'manufacture, import, export, distribute, or dispense' – is not a controlled substance offense." *Montanez*, 442 F.3d at 488. Montanez had been convicted of violating OHIO REV. CODE § 2925.03(A)(6) and (9), which provided,

> (A)   no person shall knowingly do any of the following:
>
> * * *
>
> (6)   Possess a controlled substance in an amount equal to or exceeding three times the bulk amount, but in an amount less than one hundred times that amount;
>
> * * *
>
> (9)   Possess a controlled substance in an amount equal to or exceeding one hundred times the bulk amount[.]

*Montanez*, 442 F.3d at 488 (quoting former OHIO REV. CODE § 2925.03(A)(6) and (9)).

> Quite unlike Lockett, Montanez's argument was that
>
> because his offenses involve only the knowing possession of drugs, and do not have, as an element of the crime, proof of "intent to manufacture, import, export, distribute, or dispense," U.S.S.G. § 4B1.1, then his convictions cannot qualify as controlled substance offenses under the Guidelines [for purpose of career-offender designation].

*Montanez*, 442 F.3d at 489. Thus, *Montanez* is readily distinguishable from the instant case, and is of no avail to Lockett.

VI.

Lockett summarizes his second claimed error as follows:

-16-

The trial Court violated Lockett's Fifth Amendment rights when he was sentenced as a career offender using an enhanced current offense as a basis for calculating his sentencing guideline. Lockett was designated as a career offender based on two prior violent felony convictions. The trial Court erred when it based Lockett's sentence as a career offender on an improperly enhanced current offense. A career offender's sentencing guideline is based on the maximum sentence for his current offense. In order to correctly calculate a career offender guideline, the maximum sentencing range for the current offense must be correctly ascertained.

Lockett's maximum sentence, for the purpose of determining his sentencing guidelines [sic] as a career offender, were [sic] incorrectly calculated for two reasons. The Court enhanced Lockett's current offense based on an uncountable prior drug conviction. It is impermissible double counting to use the maximum sentence after enhancement to calculate the sentencing guideline for a career offender.

The maximum sentence Lockett was facing prior to enhancement was 40 years in prison. After enhancement, Lockett's maximum sentence was life in prison. When a maximum sentence of life in prison was applied to the career offender guideline in USSG § 4B1.1(b), Lockett's offense level was designated as 37. If the current offense was not enhanced, Lockett's offense level would be 34. Both levels would be subject to a 3[-]level reduction for acceptance [of responsibility] and a criminal history [category] of VI. The resulting minimum sentences for each is [sic] 262 months and 188 months respectively.

Lockett was given a 50% reduction on his sentence for his substantial assistance under USSG § 5K1.1. Instead of being sentenced to 131 months, Lockett should have been sentenced to no more than 94 months.

Def.'s Br. at 10-11.

What constitutes the proper procedure when calculating a career-offender guideline range is a legal question which we review *de novo*. *See United States v. Westerfield*, 284 F. App'x 315, 320 (6th Cir. 2008) ("We review *de novo* questions involving the interpretation of the Sentencing Guidelines, including the district court's determination that defendant is a career offender under U.S.S.G. § 4B1.1.") (citing *Mallett v. United States*, 334 F.3d 491, 500 (6th Cir. 2003)), *vacated on other grounds*, – U.S. –, 129 S.Ct. 1314 (2009); *United States v. Snowden*, 218 F. App'x 443, 446

(6th Cir. 2007) ("Legal conclusions regarding the Sentencing Guidelines are also reviewed *de novo*.") (citing *United States v. Latouf*, 132 F.3d 320, 331 (6th Cir. 1997)).

Lockett makes clear that he "is not challenging his [designation] as a career offender." Def.'s Reply Br at 4. Rather, Lockett has two objections to the district court's *calculation* of the sentence which results from his admittedly correct designation as a career offender.

First, Lockett contends that the erroneous application of the 21 U.S.C. § 841(b)(1)(B) enhancement for a prior felony drug offense gave the district court the wrong starting point for calculation of the appropriate career-offender sentence. Because we have concluded that the prior felony drug enhancement was proper, Lockett is left only with his second objection: even if his sentence was properly enhanced for a prior felony drug offense, "it is impermissible double counting when 'the same aspect of a defendant's conduct factors into his sentence in two separate ways.'" Def.'s Br at 17 (quoting *United States v. Cousins*, 469 F.3d 572 (6th Cir. 2006)). Specifically,

> [t]he prior [Ohio] drug conviction factored into Lockett's sentence in two separate ways. First, Lockett's sentence was enhanced by his prior drug conviction which caused his maximum sentence to increase from 40 years to life in prison.
>
> Without enhancement or career offender status, Lockett's sentencing guidelines [sic, his recommended Guideline term of imprisonment] would have been 77-96 months[,] but with a mandatory minimum sentence of 120 months per 21 U.S.C. § 841(b)(1)(B)(iii).
>
> Without enhancement of Lockett's current offense as a career offender, Lockett's sentencing guidelines would have been 188-235 [months]. As calculated by US Probation, Lockett's sentencing guidelines were calculated using both the enhanced sentence with the career offender status added on afterward which resulted in a sentencing guideline of 262-327 months.
>
> Therefore, the enhancement played into Lockett's sentence twice by raising Lockett's offense maximum to life and then by raising his offense level from 34 to 37 as a career offender based on the enhanced penalty.

-18-

Def.'s Br at 18-19 (paragraph break added). This objection lacks merit for two reasons.

First, as the government points out, *see* Gov's Br at 8, "Lockett's status as a career offender was based on his two prior *assault* convictions without any consideration of his prior [Ohio] drug conviction." Lockett unequivocally admits this, stating, "Lockett was designated as a career offender based on two prior violent felony convictions." Def.'s Br at 18 (citing R. 29, PSR at 21).

Second, even if Lockett's career offender designation is based partly on his Ohio drug-trafficking conviction, that would not constitute impermissible double-counting under our precedents. Title 28 U.S.C. § 994, entitled Duties of the Commission, provides as follows:

> The Commission shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants in which the defendant is eighteen years or older and –
>
> (1)     has been convicted of a felony that is –
>
> (A)     a crime of violence; or
>
> (B)     an offense described in 21 U.S.C. 841 . . . 21 U.S.C. 952(a), 955, 959 . . . and chapter 705 of title 46; and
>
> (2)     has previously been convicted of two or more prior felonies, each of which is –
>
> (A)     a crime of violence; or
>
> (B)     an offense described in 21 U.S.C. 841 . . . 21 U.S.C. 952(a), 955, 959 . . . and chapter 705 of title 46.

We have interpreted 28 U.S.C. § 994(h)'s directive as follows:

> [T]he plain language of § 994(h) dictates that "maximum term authorized" refers to the *enhanced* statutory maximum. Following "maximum term authorized" in the statute is the phrase "for categories of defendants in which the defendant is eighteen years old or older and [has been convicted of a crime of violence or specified drug offense and has two such prior convictions]." Accordingly, this phrase defines or modifies "maximum term authorized" and thus clearly and unambiguously directs

the Commission to use the enhanced statutory maximum in promulgating the sentencing guidelines for repeat offenders. * * *

This interpretation is consistent with the case law prior to the amendment, which universally held that using the enhanced penalty as the "Offense Statutory Maximum" in determining a career offender's offense level carried out Congress' intent that [repeat felony] drug offenders receive sentences at or near the statutory maximum.

*United States v. Branham*, 97 F.3d 835, 846 (6th Cir. 1996) (brackets in original, emphasis added).

The same decision emphatically rejected Lockett's "double-counting" argument – so emphatically, in fact, that this court invalidated a Guideline amendment which was based on it. *Branham* 97 F.3d at 844. *See United States v. LaBonte*, 520 U.S. 751 (1997); *United States v. Chingman*, 89 F. App'x 504 (6th Cir. 2004). *Branham* remains good law in our circuit and squarely forecloses Lockett's double-counting objection to the calculation of his career-offender guideline range. *See, e.g., Bugg v. United States*, No. 1:05-cv-316, 2007 WL 445812, *4-5 (E.D. Tenn. Feb. 5, 2007) (holding, based on *LaBonte* and *Branham*, that use of enhanced current offense to determine career-offender guideline range was not impermissible double-counting).

VII.

Lockett summarizes his third assignment of error as follows:

The District Court violated the Equal Protection component of the Due Process Clause when Lockett was sentenced under the mandatory minimum clause of 21 U.S.C. § 841(b)(1)(B)(iii). The mandatory minimum sentence for crack cocaine violates the Equal Protection component of the Due Process clause because the same penalty for cocaine base ["rock"] requires ten times as much cocaine hydrochloride [powder]. The "Cocaine and Federal Sentencing Policy Report" (Policy Report) sent to Congress in May 2007 outlines the unwarranted disparity between sentences for crack and cocaine. The 100/1 ratio for powder versus crack cocaine for purposes of sentencing was determined to be excessive. There is no scientific basis for the high ratio.

Subsequently, the November 1, 2007 USSG revised the ratios[,] which reduced the penalty for crack cocaine for quantities between 250 mg and 4.5 Kg. Smaller ratios were used to establish the guidelines tables[,] with the lowest ratio being 25/1 at offense level 26 (the original base offense level for Lockett).

By applying the 25/1 ratio to the enhancement amount in 21 U.S.C. § 841(b)(1)(B)(iii), the [threshold] enhancement quantity of crack would be 20 g of crack. Lockett's drug quantity of 10.414 g of crack would not qualify for the enhancement and he would be sentenced under 21 U.S.C. § 841(b)(1)(C).

Def.'s Br. at 12 (paragraph breaks added).

Whether the disparity between guideline-recommended sentences for crack cocaine and guideline-recommended sentences for the same weight of powder cocaine violated Equal Protection is a legal question which we review *de novo*. *See United States v. Lloyd*, 10 F.3d 1197, 1220 (6th Cir. 1993) (applying *de novo* standard to same question); *United States v. Robinson*, Nos. 95-5171 & 95-5172, 95 F.3d 1153, 1996 WL 490379, *11 (6th Cir. Aug. 27, 1996) (per curiam) ("Robinson's constitutional challenges on equal protection and Eighth Amendment grounds to the crack:powder cocaine disparity are reviewed *de novo*."); *see also LRL Props. v. Portage Metro. Hsg. Auth.*, 55 F.3d 1097, 1104 (6th Cir. 1995) (district court's determination that proposed Equal Protection claim lacked merit was a legal determination subject to *de novo* review).

Lockett's argument is unequivocally foreclosed by our published precedents. "This circuit has repeatedly found that . . . section 841(b) does not violate equal protection guarantees under the Fifth Amendment." *United States v. Wimbley*, 553 F.3d 455, 463 (6th Cir.) (quoting *United States v. Hill*, 79 F.3d 1477, 1488 (6th Cir. 1996) (collecting cases)), *cert. denied*, – U.S. –, 129 S.Ct. 2414 (2009). *See also United States v. Blair*, 214 F.3d 690, 702 (6th Cir. 2000); *United States v. Bingham*, 81 F.3d 617, 630-31 (6th Cir. 1996) (rejecting equal-protection challenge to crack/powder disparity); *cf. United States v. Pickett*, 941 F.2d 411, 418-19 (6th Cir. 1991) (rejecting Eighth

-21-

Amendment cruel-and-unusual-punishment and substantive due process challenges to crack/powder disparity).

This court issued the *Wimbley* decision in January 2009, more than a year after the Supreme Court issued *Kimbrough*, yet *Wimbley* adhered to our pre-*Kimbrough* view that such an equal-protection claim lacks merit. It quickly dispatched the defendant's reliance on *Kimbrough*, stating,

> *Kimbrough* addresses a district court's discretion under the sentencing Guidelines, and explicitly allows the sentencing court to take into account the Guidelines' disparate treatment of crack versus powder cocaine. [*Kimbrough*, 128 S.Ct.] at 564. But *Kimbrough* is inapposite here because Wimbley's sentence was set by a statutory mandatory minimum, not the advisory Sentencing Guidelines.

*Wimbley*, 553 F.3d at 462. *See also United States v. Berry*, 290 F. App'x 784, 793 (6th Cir. 2008) ("We have consistently held that the crack/powder disparity withstands constitutional scrutiny, including challenges based on due process, equal protection, and the Eighth Amendment. * * * *Kimbrough* said nothing to suggest otherwise and provides no reason to reconsider our constitutional rulings on the facts of this case.") (citations omitted); *Underwood v. Moore*, No. 2:07-cv-428, 2008 WL 1775521, *7 (S.D. Ohio Apr. 17, 2008); and *Smith v. United States*, Civ. No. 07-11145, 2008 WL 360616, *4 (E.D. Mich. Feb. 8, 2008). *Accord United States v. Carter*, 91 F.3d 1196 (8th Cir. 1996) (absent a showing that Congress acted with a discriminatory purpose, the 100-to-one ratio did not violate equal protection).

Moreover, *Kimbrough* itself held that when a district court is considering whether and to what extent it may impose a sentence different from that recommended by the Guidelines because it disagrees with the logic, fairness, or utility of the crack/powder ratio, it remains "constrained by the mandatory minimums Congress prescribed." *Kimbrough*, – U.S. at –, 128 S.Ct. at 754. In other words, the 18 U.S.C. § 3553(a) factors do not give a district court discretion to disobey a statutory

-22-

mandatory minimum, whether because the court disagrees with the powder/crack disparity or for some other reason. This is merely an application of our Circuit's general rule that "'§ 3553(a) factors do not apply to congressionally mandated sentences.'" *United States v. Penney*, 576 F.3d 297, 317 (6th Cir. 2009) (quoting *United States v. Franklin*, 499 F.3d 578, 585 (6th Cir. 2007)), *reh'g & reh'g en banc denied* (6th Cir. Sept. 24, 2009). It is not categorically impermissible for a district court to exercise its discretion to reduce a defendant's offense level if it finds that the powder/crack disparity would otherwise yield a sentence that was harsher than necessary to further the purposes outlined in 18 U.S.C. § 3553(a).[8]

---

[8]

In *United States v. Porter*, 312 F. App'x 772 (6th Cir.), *cert. denied*, – U.S. –, 129 S.Ct. 2173 (2009), for example, we affirmed the district court's discretionary decision to subtract two offense levels where the applicable 100:1 crack/powder ratio would otherwise yield a sentence which the district court found was "greater than necessary" to satisfy the goals of § 3553(a). That decision was only permissible, however, because the ultimate sentence meted out was not below the statutory mandatory minimum. The original offense level yielded a guideline-recommended imprisonment range of 168-210 months, the subtraction of two levels yielded a guideline range of 140-175 months, and the district court imposed 144 months – above the statutory mandatory minimum of 120 months. *See Porter*, 312 F. App'x at 773-775.

*So long as the ultimate sentence imposed is equal to or longer than any applicable statutory mandatory minimum*, "district courts are entitled to reject and vary categorically from the crack-cocaine guidelines based on a policy disagreement with those guidelines." *Spears v. United States*, 555 U.S. –, 129 S.Ct. 840, 844 (2009) (per curiam). *See, e.g., United States v. Wynn*, 579 F.3d 567, 577 (6th Cir. 2009) ("[B]ecause Wynn's conviction involves crack cocaine, the district court should consider" whether to exercise the discretion recognized by *Spears*), *reh'g denied* (6th Cir. Nov. 4, 2009); *Johnson v. United States*, 553 F.3d 990 (6th Cir. 2009) (vacating and remanding for resentencing where the record of defendant's pre-*Spears* sentencing did not display the district court's awareness of its discretion in this regard); *United States v. Johnson*, 308 F. App'x 968, 977 (6th Cir. 2009) (in light of Supreme Court decisions in *Spears* and *Kimbrough*, "it was procedurally unreasonable for the district judge to sentence defendant under the erroneous belief that he was without authority to consider the 100:1 disparity in treatment of offenses involving crack and powder cocaine.").

VIII.

In his reply brief, Lockett makes an argument, or a number of overlapping arguments, which seem to relate to both his second assignment of error (calculation of guideline range under career-offender guideline) and his third assignment of error (disparity between crack-cocaine guidelines and powder-cocaine guidelines violate Equal Protection even under rational-basis test). Namely, Lockett asserts, with *no* quotation of authority or even citation to any particular page in any decision, that

> [w]hile the Court did use the enhanced career offender Guidelines as a starting point for determining the sentence of Lockett, *Gall v. United States*, 128 S.Ct. 586, [sic, no page number after comma] (2007), it failed to consider whether the Guidelines as calculated indicated a sentence that was greater than necessary to serve the objectives of 18 U.S.C. § 3553(a) after considering all factors raised by Lockett.

> The Court seemed to believe it had no choice to deviate from the career offender Guideline calculation. (R 35, Transcript of Proceedings: Sentencing, pg 6-8). The career offender Guideline calculation is just that; a guideline that the Court is free to deviate from when considering the objectives of 18 U.S.C. § 3553(a). The Court is free to consider the disparity between the guidelines treatment of crack and powder offenses when determining the objectives of 18 U.S.C. § 3553(a), *Kimbrough*, *supra* [sic, no citation to a page]. Lockett asked the Court to consider the disparity between crack and powder (R2, Sentencing Memorandum, pg 2-3) but it made no findings to indicate it considered Lockett's request to support its sentencing determination.

Def.'s Reply Br at 3-4 (paragraph break added).

These arguments were not made in Lockett's opening brief on appeal, so they are waived. *See American Trim, LLC v. Oracle Corp.*, 383 F.3d 462, 477 (6th Cir. 2004) ("Oracle argues that the punitive damages award is unconstitutionally excessive . . . . This argument was raised for the first time in Oracle's reply brief, and this court has consistently held that we will not consider such arguments.") (citing *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2004)); *United States v. Mellies*, 329 F. App'x 592, 605 (6th Cir. 2009) (citing with approval *United States v. Still*, 102 F.3d 118, 122 n.7 (5th Cir. 1996) ("declining to address the defendant's challenge

-24-

to all six counts on which he was convicted because it was asserted for the first time in his reply brief and 'an appellant abandons all issues not raised and argued in its *initial* brief on appeal'")).

Moreover, Lockett's failure to cite any specific authority for his assertions in the above passage is another ground for refusing to entertain those assertions. *See In re Mitan*, 573 F.3d 237, 248 n.5 (6th Cir. 2009) ("The creditors provide no citation to authority or argument to support their last-sentence request. The creditors consequently have waived the issue.") (citing *Grinter v. Knight*, 532 F.3d 567, 574 n.4 (6th Cir. 2008)); *Mellies*, 329 F. App'x at – (citing with approval *United States v. Alonso*, 48 F.3d 1536, 1544 (9th Cir. 1995) ("refusing to address the appellant's 'unsupported' and '[un]developed' arguments which contained no citations to authority because they violated the Federal Rules of Appellate Procedure")); *United States v. Robson*, 307 F. App'x 907, 912 (6th Cir. 2009) ("Robson cites no authority for this approach, and we are aware of none. Accordingly, we dismiss these undeveloped . . . claims.").

IX.

For the foregoing reasons, we AFFIRM Lockett's sentence.